[S. F. No. 5298. In Bank.—November 19, 1909.]

WALTER CHINN et al., Petitioners, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

JURISDICTION OF COURTS—CONSTITUTIONAL LIMITATIONS.—Where the judicial power of courts, either original or appellate, is fixed by constitutional provisions, the legislature cannot either limit or extend that jurisdiction.

ID.—APPELLATE JURISDICTION OF SUPERIOR COURT—INFERIOR COURTS.— Section 5 of article VI of the constitution expressly limits the appellate jurisdiction of the superior courts, as to the character of the tribunals whose proceedings may be reviewed, to cases of appeals from "justices" or "inferior courts" only, and the legislature has

no power to enlarge the tribunals from which appeals to the superior court may be taken.

ID.—BOARD OF SUPERVISORS—JUDICIAL FUNCTIONS.—The fact that a board of supervisors may exercise judicial functions does not make it an inferior court within the meaning of that term as employed in the constitution relative to the appellate jurisdiction of the superior courts.

ID.—INFERIOR COURTS DEFINED.—The term "inferior courts" has a well-recognized meaning. They are courts established for the administration of justice, charged with the exercise of judicial power as a substantive duty, but with limited jurisdiction in that regard, and that jurisdiction usually confined to the limits of the city or town for which they are mainly created. Police courts, municipal courts, and recorders' courts are examples of such courts, and they are the character of courts to which the appellate jurisdiction of the superior court is limited.

ID.—ORDER OF SUPERVISORS ESTABLISHING IRRIGATION DISTRICT—APPEAL FROM TO SUPERIOR COURT.—Section 4 of the act of 1897 for the formation of irrigation districts (Stats. 1897, p. 254), providing for an appeal directly to the superior court of the county from an order of the board of supervisors granting an application for the formation of such a district, is unconstitutional and void.

APPLICATION for a Writ of Mandate directed to the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

Benj. F. Wulff, for Petitioners.

L. L. Dennett, for Defendant.

LORIGAN, J.—This is an original petition for a writ of mandate.

It appears from the petition for the writ that P. E. Lindstrom and others made application to the board of supervisors of San Joaquin County for the formation of an irrigation district in said county to be known as "The South San Joaquin Irrigation District." The application was made under the provisions of the act of 1897 (Stats. 1897, p. 254, Gen. Laws, p. 501), and such proceedings were had in the matter that on March 22, 1909, an order granting the application for the formation of the district was made by the board, and the objections of the petitioners for this writ against the inclusion of their lands within said district were overruled.

Section 4 of the Irrigation Act provides for an appeal directly to the superior court of the county from such order of the board of supervisors, said appeal to be taken and heard in the same manner as appeals from the justice's court to the superior court, with power conferred on the superior court to enter a judgment affirming, modifying, or reversing the order of the board of supervisors appealed from.

The present petitioners, being dissatisfied with the order made by the board of supervisors in the matter of the formation of said irrigation district, perfected an appeal to the superior court of San Joaquin County, in conformity to said section 4 of the act, and the matter coming up for hearing before said court the appeal was dismissed, the superior court holding that it had no jurisdiction to entertain it for the reason that the provision of the act attempting to confer appellate jurisdiction on the superior court, to entertain an appeal from the order of the board of supervisors, was unconstitutional and void.

The petitioners thereupon applied to this court for a writ of mandate to compel the respondent—the superior court of San Joaquin County—to proceed with a hearing and determination of said appeal. An alternative writ was issued, to which a demurrer was interposed, and the matter is submitted for decision on that demurrer.

It is provided by the constitution (art. VI, sec. 1) that the judicial power of the state shall be vested in the senate, in the supreme court, district courts of appeal, superior courts, justice of the peace, and "such inferior courts as the legislature may establish in any incorporated city or town, or city and county." Section 5 of the same article, after declaring in what cases the superior court shall have original jurisdiction, provides that they "shall have appellate jurisdiction in such cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law."

It is a well-recognized principle that where the judicial power of courts, either original or appellate, is fixed by constitutional provisions, the legislature cannot either limit or extend that jurisdiction.

While it is true that under the constitutional provision, conferring appellate jurisdiction upon the superior courts the matters to which that jurisdiction on appeal shall pertain—

to what extent and in what manner the proceedings or action of justices' or inferior courts may be reviewed—is not provided for, but is left solely to the determination of the legislature, still an express limitation is imposed as to the character of tribunals whose proceedings may be reviewed in the exercise of its appellate jurisdiction, and it can be exercised in case of appeals from "justices" or "inferior courts" only. All the authority that is given to the legislature, under the constitutional provision last referred to, is to provide the method and extent to which an appeal from these courts may be taken. It has no power to enlarge the tribunals from which it may be taken, because the constitutional provision has expressly declared of what those shall consist. The appeal to the superior court, when provided for by the legislature, can only be from a court—either a justice or inferior court— and the right of appeal cannot be given from any other tribunal.

The contention of the petitioners here necessarily is, that because the board of supervisors in the exercise of powers conferred upon it, may sometimes act judicially, therefore it constitutes a court—an inferior court—from whose judicial action the legislature may provide an appeal under the constitutional provision pertaining to the appellate jurisdiction of the superior court. Undoubtedly, a board of supervisors may perform functions which are judicial in their character, as it may perform, and mainly does, those that are executive and ministerial. It exercises, in fact, in a minor degree, the powers of the general government—executive, judicial, and ministerial. As said in *People* v. *Provines,* 34 Cal. 521, 528: "The word 'supervisors' when applied to county officers, has a legal signification. The duties of the officers are various and manifold—sometimes judicial and at others legislative and executive. From the necessity of the case it would be impossible to reconcile it to any particular head; and therefore in matters relating to police and fiscal regulations of counties, they are allowed to perform such duties as may be enjoined upon them by law, without any nice examination into the exact character of the powers conferred. But because a board of supervisors may exercise judicial functions, it is by no means an inferior court within the meaning of that term as employed in the constitution relative to the appellate

jurisdiction of the superior courts. The term "inferior courts" has a well-recognized meaning. They are courts established for the administration of justice charged with the exercise of judicial power as a substantive duty, but with limited jurisdiction in that regard, and that jurisdiction usually confined to the limits of the city or town for which they are mainly created. Police courts, municipal courts, and recorders' courts are, for example, inferior courts. But they are courts—inferior courts—as that term is employed in the constitutional provision bearing on the appellate jurisdiction of the superior court, and are the character of courts to which that appellate jurisdiction applies. Courts are tribunals which exercise functions of a strictly judicial character, and it is only inferior courts, as such, that the constitutional provisions respecting appeals to the superior court has reference. Boards of supervisors, common councils, and other local boards, while they may be invested with mixed powers, including, among others, the power to act judicially in a matter before them, are not courts. At best, they are, in the exercise of that power, proceeding as *quasi* judicial bodies, something quite distinct from courts, and in no manner do they constitute inferior courts, as that term is used in the constitution.

The respondent—the superior court of San Joaquin County —was correct in its view that the portion of the irrigation act attempting to authorize an appeal to the superior court from the order of the board of supervisors was unconstitutional and void.

The application for a writ is denied.

Angellotti, J., Sloss, J., Melvin, J., Shaw, J., and Henshaw, J., concurred.