[Civ. No. 11068.   Second Appellate District, Division Two.—September 21, 1936.]

A. E. KENFIELD, Respondent, v. J. R. WEIR, etc., Appellant.

C. E. Christopher and James C. Bone for Appellant.

Thomas B. Reed for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for the conversion of personal property. It is the contention of the defendant on appeal (1) that the complaint does not state facts sufficient to constitute a cause of action and (2) that the findings of fact and conclusions of law do not support the judgment.

The appeal is before us on the judgment roll alone and this court has no information in the record as to the evidence produced, the stipulations, if any, of the parties at the trial and especially as to any facts being admitted by one or the other of the parties.

The complaint alleges facts sufficient to constitute a cause of action for conversion of property, but some confusion arises out of the fact that the complaint goes further and attempts, to some exent at least, to anticipate an affirmative defense of accord and satisfaction, but the complaint does not set up either in full or in substance the written instrument upon which the defendant would rely for this defense and it speaks of the instrument as a "receipt". The complaint does not allege all of the essentials necessary to constitute a *defense* against a written instrument on the ground of fraud or mistake.

Defendant demurred. When his demurrer was overruled he answered. As an affirmative defense he alleged that an accord and satisfaction had been entered into between the parties and he set out in full the written instrument upon which he relied, which reads as follows: "Alhambra, Cali-

fornia 7–5–34 Received of Weir's Transfer and Storage $15.50, balance due you from sale of household goods which was sold to cover charges. Same being in full settlement. Signed, A. E. Kenfield.''

As already stated, the defendant contends that the complaint does not state a cause of action. What he really means by this is that the complaint does not state facts sufficient to constitute a reply defense to his affirmative defense of an accord and satisfaction. It should be remembered, however, that in California a reply to defendant's answer, i. e., a replication, is not permitted and that all affirmative matters by way of replication are deemed by operation of law to have been pleaded and that plaintiff without pleading may make proof of any appropriate fact tending to avoid an affirmative defense as fully as if it had been specially pleaded. In this case plaintiff in order to overcome the affirmative defense of accord and satisfaction was entitled without pleading to interpose evidence of fraud (21 Cal. Jur. 166, note 5, and cases cited) or mistake (note 7). This is true even where a written instrument is set up in an answer as an affirmative defense. Under such circumstances plaintiff may without further pleading introduce competent evidence to sustain his reply defenses of fraud or mistake. (21 Cal. Jur. 168, notes 5 and 6, and cases cited.)

It is the final contention of the defendant that the findings of fact and conclusions of law do not support the judgment. By this he means there were no specific findings as to fraud or mistake. He says, ''We again point out that no finding was made, that appellant knew the representation to be false or that he made the representation to respondent with the intention of misleading him to his damage.'' The cases hold that, since it is the purpose of findings to answer the questions raised by the pleadings, if the pleadings are sufficient, findings may properly be couched in the language employed in stating a cause of action or defense. (24 Cal. Jur. 984, and Ten-year Supp., vol. 24, p. 756, and cases cited.) It is not the main purpose of findings to afford means whereby a losing party may set aside a just judgment. (*Savings & Loan Society* v. *Burnett,* 106 Cal. 514 [39 Pac. 922] ; *Millard* v. *Supreme Council American Legion of Honor,* 81 Cal. 340 [22 Pac. 864].) And in this case, where it was not necessary to allege fraud or mistake in

the pleadings and the record of the trial is not before us, we would not feel justified in reversing a judgment merely because the court failed to make findings as to facts which it was not necessary to plead. Neither is it proper for this court to search the record for grounds not stated by appellant upon which to reverse the judgment.

Judgment affirmed.

Wood, J., concurred.