[Civ. No. 2446.   Fourth Appellate District.—October 6, 1939.]

BARTHOLOMAE OIL CORPORATION (a Corporation), Appellant, v. HOWARD W. SEAGER et al., Respondents.

Earl D. Killion and Alfred E. Rogers for Appellant.

Forgy, Reinhaus & Forgy and C. E. Sprague for Respondents.

BARNARD, P. J.—In this action the plaintiff sought an injunction to restrain the defendants from proceeding with the erection of a dwelling in accordance with a permit issued to them by the city of Newport Beach.

The defendants owned and were erecting this house upon lot 7 in a certain block on Balboa Island. The lots in this block face what is known as South Bay, the shore line being an arc instead of a straight line. There is no regular street in front of these lots, there being only a 10-foot sidewalk between the property lines and the beach. The plaintiff owned lot 6, adjoining defendants' lot on the west, and also owned lot 5 to the west of lot 6, upon which was a residence occupied by the plaintiff's president. The front of that residence was within 3 feet 8 inches of the property line.

Pursuant to chapter 838 of the Statutes of 1929, the city of Newport Beach adopted a zoning ordinance known as Ordinance No. 440, which provided that residences on lots in this block should be set back ten feet from the property

lines. Section 11 of this ordinance provided that the city council, upon the report and recommendation of the planning commission, should have the power to vary the application of the set-back provisions of the ordinance; and further provided:

"If the Planning Commission finds that detriment or injury to the neighborhood will not result from issuance of a permit as applied for, it may approve said permit and transmit the same, together with a complete report of its findings and recommendations, to the City Council for approval and endorsement. . . .

"In approving any variance or recommending the issuance of any conditional permit under the provisions of this section, the Planning Commission shall designate such conditions in connection therewith as will in its opinion secure substantially the objectives of the regulation or provision to which such variance is granted, or provide adequately for the maintenance of the integrity and character of the district in which such conditional permit is granted, and shall provide the Building Inspector with a copy of the same."

In accordance with this section the defendants made application for such a variance and for permission to erect a dwelling on lot 7, the front of which should be within one foot of the property line. The planning commission approved the variance and recommended to the city council that it be granted. The city council approved the same and ordered a building permit issued, which was done. Work on the building was commenced and this action followed. The court found in all respects in favor of the defendants and from the ensuing judgment this appeal was taken.

Appellant's contention is that the variance permit issued pursuant to an order of the city council is void because the proper procedure was not taken by the planning commission or by the city council. ▮ It is contended that no evidence was taken before the planning commission, and further that this commission did not make a "complete report" to the city council, and did not transmit the respondents' application for a variance to the city council, as required by the ordinance.

The only notice required by the ordinance is notice of the hearing before the planning commission. The appellant's complaint alleges that notice of this hearing "was

posted and published in the manner provided by the provisions of said Ordinance No. 440'' and that said application came up for hearing by the planning commission at its regular session on August 25, 1937. There is also evidence that notice of this hearing was mailed to the appellant, although it made no appearance. The chairman of the planning commission testified that the respondent Howard W. Seager appeared before the commission at that time and explained his problem, and that the members of the planning commission asked questions and discussed the matter. The chairman further testified that he exhibited to the commission the respondents' application and the accompanying blueprints, and that he reported to the commission that he had visited the premises and viewed the surrounding lots and had found that a great many of the houses on the lots in this block were built up to the property line or within one or two feet thereof. There can be no question that a hearing was had and that considerable evidence was received.

██ It is next contended that the planning commission did not make a complete report to the city council. The report made was addressed to the city council and sets forth that the planning commission ''reports the approval of the application of'' the respondents for this set-back variance upon lot 7, and further states ''the requirements of Ordinance 440 have been complied with and the Planning Commission respectfully recommend the issuance of the permit''. It is argued that this does not conform to the requirements of section 11 of the ordinance, in that it is not a ''complete'' report. In our opinion, section 11 of the ordinance in question does not require formal findings. The statement in the report that the requirements of Ordinance No. 440 had been complied with implies that the planning commission had found that detriment or injury to the neighborhood would not result from the issuance of the permit for which application had been made. In connection with the action of such a commission, composed usually of laymen, the fact that a certain action is taken raises the presumption that the existence of the necessary facts had been ascertained and found. (*Wolfskill* v. *City Council of Los Angeles,* 178 Cal. 610 [74 Pac. 45] ; *Chase* v. *Trout,* 146 Cal. 350 [80 Pac. 81].)

██ It is further contended that the application for a variance made by the respondents was not transmitted by

the planning commission to the city council as required by section 11 of the ordinance. It may first be observed that section 11 is ambiguous in that it provides that the planning commission, if it finds that detriment or injury to the neighborhood will not result from issuance of a permit, "may approve said permit and transmit the same" to the city council. Assuming that this requires that the original application be transmitted to the city council, it appears from the evidence that the application, the blueprints and all papers in connection therewith were placed in a cabinet in the city council chamber, that the city clerk had a key to this cabinet, that the city clerk knew that they were there, and that although they were present and available no member of the city council asked to examine these documents. A substantial compliance with this provision of the ordinance appears.

In our opinion, the evidence is sufficient to support the court's findings that the requirements of the ordinance were sufficiently complied with by the planning commission and by the city council, and that the ordinance permitting the variance and ordering a permit to be issued in accordance therewith was not void for the reasons relied upon by the appellant. A hearing was had upon the required notice and a recommendation was made by the planning commission and acted upon by the city council, and it in no way appears that either of these bodies was deceived or in any way lacking in knowledge of the actual facts.

A motion to dismiss this appeal was made and submitted with the matter on its merits. This motion was based upon the ground that the question involved is now moot since the construction of the residence in question was completed some time since. While this furnishes an additional reason why relief could not be granted to the appellant (*Landsdown* v. *Smith & Sons R. Corp., Ltd.*, 1 Cal. App. (2d) 618 [37 Pac. (2d) 127]; *Brennan* v. *American Trust Co.*, 3 Cal. (2d) 635 [45 Pac. (2d) 207]; *Faria* v. *Brandon*, 206 Cal. 730 [276 Pac. 106]), we have preferred to consider the appeal on its merits.

For the reasons given the motion to dismiss is denied and the judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1939.