[Sac. No. 6007. In Bank. May 20, 1949.]

WILLIAM J. SWARS, Appellant, v. THE COUNCIL OF
THE CITY OF VALLEJO et al., Respondents.

J. W. O'Neill for Appellant.

Rolland L. Pope and Macklin Fleming for Respondents.

Stanley D. Whitney, City Attorney (Alameda), Francis Hoey, City Attorney (Martinez), and Nathan F. Coombs, City Attorney (Napa), as Amici Curiae on behalf of Respondents.

EDMONDS, J.—By writ of review, William J. Swars is seeking to annul an order of the City Council of Vallejo dismissing him from the police department. The principal grounds of his attack upon the judgment adverse to him are that, because of the denial of a public hearing, the insufficiency of the evidence to support the charges against him, and the

lack of adequate findings, the municipal officers had no jurisdiction to take the challenged action.

In 1942, the chief of police filed with the city council his recommendation that Swars be dismissed from the police department because of conduct "unbecoming a police officer, such misconduct consisting of unnecessarily and unmercifully beating [Edward J. Verdier] an intoxicated person." Upon receiving this recommendation, the council adopted a resolution declaring the office of police sergeant held by Swars to be vacant and dismissing him from the service. Pursuant to the requirement of the municipal charter, notice of this action was served upon Swars, who filed with the Civil Service Commission of Vallejo an answer to the charges made against him, asking that his removal be set aside and that he be reinstated in the position held by him. The commission served Swars with notice of the time set for a hearing of the matter with a request that he then present the facts "relative to this appeal." Swars and his counsel appeared at the time stated, but when they found that the commission had unanimously ordered a hearing closed to the public, they withdrew. The commission then proceeded to hear evidence, which was taken down by a stenographic reporter.

The chief of police, the commissioner of public health and safety, several police officers and Verdier testified before the commission and a statement signed by Swars was also received. The witnesses agreed that about midnight Verdier was proceeding on foot along a Vallejo street after a festive evening, when he was stopped and questioned by Officer McCart. Verdier appeared inebriated and used insulting language. McCart arrested him and stopped a police car which was passing at the time. Verdier was placed in the custody of Officers Robison and Brazil, who took him to the station. The three officers testified that Verdier, very drunk and easily controlled because of that condition, continuously directed opprobrious epithets at them and the police department in general. All of them stated that the prisoner was unharmed at that time.

After the two officers and their prisoner reached the police station, Robison took charge of Verdier. Some difficulty was encountered in holding him, as he was weaving badly. At this juncture, Sergeant Swars joined Robison and Verdier. Swars was carrying a gun and other equipment in his arms. When Verdier addressed him with words of degradation, he commented that it was about time the prisoner "was closing

his big mouth," or, he added significantly, "I will make it my business to close it for you." Verdier replied, "That goes for you, too," whereupon Swars struck him on the cheek, and then handed his gun and equipment to Robison. As related by Robison, Swars ordered him to open a door leading into the police station. While doing this, he heard scuffling behind him, and, on turning around, he saw Verdier on the floor.

The testimony of Robison and Brazil is that Swars pushed Verdier through the door into the police station, whereupon he fell to the floor. He was then placed in a room in the rear of the station. Policemen at the desk in the station, and also officers who later took the prisoner to the hospital for treatment, testified that Verdier was then bleeding profusely from a gash in his lip which later required four stitches, and was suffering from the loss of two front teeth, one of which was broken off. There was blood on his mouth and chin. The prisoner testified that one lens of his glasses was smashed.

After hearing this evidence the Civil Service Commission, by motion unanimously adopted, stated that ". . . we . . . uphold the action taken by the City Council in the adoption of Resolution 28191 N.S., dated October 10th, 1942, wherein the office of Police Sergeant held by William J. Swars is hereby declared vacant and he is hereby dismissed from the services of the City of Vallejo effective the 10th day of October, 1942."

Upon the filing of the petition for a writ of review, an order to show cause was issued and, at the time set for hearing, following argument of counsel, the petition was denied. The order was reversed with directions to issue the writ and, upon a review of the record of the proceedings of the commission, to determine whether there was evidence to support the charges against Swars. (*Swars* v. *Council of City of Vallejo,* 64 Cal.App.2d 858 [149 P.2d 397].) When the superior court considered the evidence presented to the commission, it concluded that neither the council nor the commission exceeded its jurisdiction in discharging Swars.

As justifying a reversal of the judgment, Swars contends (1) that the Civil Service Commission made no written findings and conclusions as required by the charter, and therefore its order is invalid; (2) that the evidence before the commission was insufficient to support a finding that he was guilty of the charges preferred; and (3) that he was denied a fair and public hearing. The respondents argue (1) that the com-

mission made sufficient written findings in that it incorporated by reference the resolution of the city council to the effect that Swars was guilty of ". . . conduct unbecoming an officer; said misconduct consisting of unnecessarily and unmercifully beating an intoxicated person"; (2) that Swars waived his right to object to the form in which the findings were rendered and failed to exhaust his administrative remedies by his refusal to participate in the closed hearing; (3) that he was given a full and adequate opportunity for hearing as required by the city charter; and (4) that there was sufficient evidence to support the findings of the commission.

The charter of the city of Vallejo provides *inter alia*: "The City Council is hereby vested with the right to exercise the disciplinary and removal powers hereinafter provided . . . an employee who has been . . . removed from office may file a written demand with the Executive Secretary requesting the Civil Service Commission to review such . . . removal . . . Said Civil Service Commission . . . shall hold a hearing; at which time it shall hear evidence for and against such employee. Hearing may be conducted informally and the rules of evidence need not apply. Written findings and the conclusions shall be made by the Civil Service Commission within ten days . . . The findings and conclusions of the Civil Service Commission . . . shall be final." (Art. XX, Civ. Serv., § 11, charter of the city of Vallejo; Stats. 1941, p. 3370.)

█ The necessity for findings by an administrative agency may rest upon constitutional grounds (*Wichita R. & L. Co.* v. *Public Utilities Comm.*, 260 U.S. 48 [43 S.Ct. 51, 67 L.Ed. 124]; *Mahler* v. *Eby*, 264 U.S. 32 [44 S.Ct. 283, 68 L.Ed. 549]), or, as here, upon a statutory requirement. █ The basic purposes of findings are to aid the court in determining whether there is sufficient evidence to support them (*Atchison, T. & S. F. Ry. Co.* v. *Commerce Comm.*, 335 Ill. 624 [167 N.E. 831]); to enable the court to examine the decision of the administrative agency in order to determine whether it is based upon a proper principle (*United States* v. *Chicago, M., St. P. & P. R. Co.*, 294 U.S. 499 [55 S.Ct. 462, 79 L.Ed. 1023]); and to apprise the litigants or parties in regard to the reason for the administrative action as an aid to them in deciding whether additional proceedings should be initiated and, if so, upon what grounds (*Beaumont, S. L. & W. Ry. Co.* v. *United States*, 282 U.S. 74, 86 [51 S.Ct. 1, 75 L.Ed. 221]).

 Although administrative findings must conform to the statutes governing the particular agency, they need not be stated with the formality required in judicial proceedings (*Meeker & Co.* v. *Lehigh Valley R. Co.*, 236 U.S. 412 [35 S.Ct. 328, 59 L.Ed. 644]; *Cantrell* v. *Board of Supervisors*, 87Cal.App.2d 471 [197 P.2d 218]). In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found (*Lindell Co.* v. *Board of Permit Appeals*, 23 Cal.2d 303, 323 [144 P.2d 4]; *Cantrell* v. *Board of Supervisors*, 87 Cal. App.2d 471, 479 [197 P.2d 218]; *North Side etc. Assn.* v. *County of Los Angeles*, 70 Cal.App.2d 598, 608 [161 P.2d 613]; *Bartholomae Oil Corp.* v. *Seager*, 35 Cal.App.2d 77, 80 [94 P.2d 614]).

 The Civil Service Commission concluded its hearing with action dismissing Swars. The fact that the commission discharged him after a hearing raises a presumption that the existence of the necessary facts was ascertained and found under the rule just stated. This is particularly true since there was but one charge against Swars for misconduct of a given type on a specific occasion. However, it is not necessary to rely upon this rule if the commission's unanimous decision incorporated by reference the more detailed findings of the city council.

 A court, in making findings may, and commonly does, incorporate by reference. (*McEwen* v. *Johnson*, 7 Cal. 258; *Kenfield* v. *Weir*, 16 Cal.App.2d 501, 503 [60 P.2d 885]; *Petersen* v. *Murphy*, 59 Cal.App.2d 528 [139 P.2d 49].) Permission to utilize this method has been extended expressly by the Legislature to administrative agencies included within the provisions of the Administrative Procedure Act [60 Stats. 237 as amended, 5 U.S.C.A. § 1001 et seq.]. Section 11518 of the Government Code provides that, "The findings may be stated in the language of the pleadings *or by reference thereto.*" (Italics added.) There is no reason to apply a more strict rule to a municipal Civil Service Commission than that applicable to a court. Indeed, the charter of Vallejo expressly shows an intent to allow the Civil Service Commission to function under broad and informal rules of procedure, in that it provides: "Hearings may be conducted informally and the rules of evidence need not apply."

The motion unanimously passed by the Civil Service Commission was explicit. It incorporated the findings of the

city council by date and the exact number of the resolution. Swars' full name was used, the office held by him was declared vacant, and he was dismissed from service as of the date ordered by the city council. The use by the commission of the words, ". . . we . . . uphold the action taken by the City Council . . ." is sufficiently clear to meet the informal standards required of administrative agencies. A part of the action upheld was the dismissal of Swars ". . . for conduct unbecoming an officer; said misconduct consisting of unnecessarily and unmercifully beating an intoxicated person."

The resolution of the city council made clear to Swars and all concerned the basis for the charge of misconduct and specifically stated the facts in regard to it. The written statement of Swars shows that he was well aware of the identity of the person whom he was charged with beating. ■ Administrative findings may be general as long as they satisfy the dual requirements of making intelligent review by the courts possible and apprising the parties of the basis for administrative action. The findings of the Civil Service Commission were sufficient to meet these tests and it is, therefore, unnecessary to consider whether Swars waived his right to object to their form and sufficiency by his withdrawal from the hearing.

■ Upon the question of the sufficiency of the evidence for the order of the Civil Service Commission, the record shows testimony to the effect that Verdier was unharmed immediately prior to the arrival of Sergeant Swars, who, according to his own written statement, threatened to close Verdier's mouth for him. The witnesses testified that Swars was seen with his hand against Verdier's face; that Verdier was later on the ground, and suffered severe injuries. This uncontradicted evidence certainly provided a reasonable basis for the finding that Swars was guilty of unnecessarily and unmercifully beating an intoxicated person.

■ The ordinance implementing the charter of Vallejo provides for a closed hearing, if by unanimous vote the Civil Service Commission shall so order, and its conclusion to exclude the public was based upon sound reason and statutory authority. Swars was not a defendant in a criminal prosecution as defined by article I, section 13, of the state Constitution; nor was the hearing by the commission a proceeding of a "court of justice" within the meaning of section 124 of the California Code of Civil Procedure. (*Chinn* v. *Supe-*

*rior Court,* 156 Cal. 478, 482 [105 P. 580] ; *Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 P. 582].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I agree that the findings of the Civil Service Commission are sufficient to satisfy the charter provisions and that the evidence was sufficient to support the action of the commission in finding grounds for the discharge of petitioner. However, I cannot agree (1) that the lack of findings may be supplied by a presumption when the whole record is before us, nor (2) that it was proper for the commission to conduct the hearing behind closed doors in "star chamber" fashion.

On the first issue it is said in the majority opinion that "the fact that certain action is taken or recommendation made [by an administrative board] may raise a presumption that the existence of necessary facts was ascertained and found." Then the rule is applied to the instant case, stating: "The fact that the commission discharged him after a hearing raises a presumption that the existence of the necessary facts was ascertained and found under the rule just stated." In the instant case the city charter expressly requires the commission to make *written findings.* (Charter, city of Vallejo, art. XX, § 11, as adopted in 1941, Stats. 1941, p. 3370.) Written findings were made in the case at bar and *the complete record of the commission's action is before us.* That records shows precisely what was done. Therefore, there is no room for a presumption as to what was done. The sole question is one of whether the findings as shown by the record are sufficient. *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303 [144 P.2d 4], relied upon by the majority, presented a case where *the record did not show whether findings were or were not made* and thus the presumption was indulged. It is said in that case, at page 323: "*In the present state of the record herein it is impossible to isolate the several factors which may have moved the Board of Permit Appeals to make its respective rulings.* It was neither required by law, nor did it undertake, to set forth the reasons for its action at the conclusion of either the hearing or the rehearing in this matter. However, the proposition that said board, in making such investigation as it deemed the case warranted, was acting

within its authority cannot be seriously challenged in view of the above-mentioned broad municipal regulations defining its appellate functions. Pertinent here is the observation in *Bartholomae Oil Corp.* v. *Seager,* 35 Cal.App.2d 77, 80 [95 P.2d 614] relative to a city planning commission's recommendation upon an application for a variance permit: 'In connection with the action of such a commission, composed usually of laymen, the fact that a certain action is taken raises the presumption that the existence of the necessary facts had been ascertained and found.' '' [Emphasis added.]

The charter expressly requires a hearing by the commission. When such is the requirement, the necessary implication is that such hearing be open to the public unless some valid reason is shown for excluding all or some portion of the public. For illustration it is said in *Railroad Com.* v. *Pacific Gas & E. Co.,* 302 U.S. 388, 393 [58 S.Ct. 334, 82 L.Ed. 319] : ''The right to a fair and *open* hearing is one of the rudiments of fair play assured to every litigant by the Federal Constitution as a minimal requirement.'' [Emphasis added.] This policy is expressed in our statutes: ''The sittings of every court of justice shall be public, except as provided in the next section.'' (Code Civ. Proc., § 124.) While that refers to courts of justice, it must be remembered that a local civil service commission, in hearing and determining whether an employee should be discharged, is exercising quasi judicial functions (*Steen* v. *Board of Civil Service Commrs.,* 26 Cal. 2d 716 [160 P.2d 816] ; *LaPrade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13] ), and by analogy, rules for proceedings in courts are to some extent applicable to such bodies (*Steen* v. *City of Los Angeles,* 31 Cal.2d 542 [190 P.2d 937] ). Certainly where there is a fundamental principle involved, such as the need for a public trial or hearing, bottomed upon the distaste for ''star chamber'' proceedings and their attendant evils, the charter must be interpreted to require a hearing which is open to the public. That being true, no ordinance providing for closed sessions would be valid. In the instant case, there appears no reason whatsoever, much less a valid one, for a closed hearing, and appellant was, therefore, justified in refusing to participate in the closed hearing held by the commission at which the evidence was presented, which, it is claimed, supports the findings of the commission.

I would, therefore, reverse the judgment.