[Civ. No. 20590.   First Dist., Div. Three.   Oct. 16, 1962.]

LEON TABORY, Plaintiff and Appellant, v. STATE PER-
SONNEL BOARD, Defendant and Respondent.

Freitas, Allen, McCarthy & Bettini for Plaintiff and Ap-
pellant.

Stanley Mosk, Attorney General, and John M. Morrison,
Deputy Attorney General, for Defendant and Respondent.

SALSMAN, J.—The appellant appeals from the denial of
his petition for a writ of mandate, by which he sought to
compel the State Personnel Board (hereinafter referred to
as the Board) to reinstate him in his position as a psychologist
with the Department of Correction (hereinafter referred to
as the Department).

The charges against the appellant were based on Government Code section 19572, subdivisions (e) and (o). That section provides in part: "Each of the following constitutes cause for discipline of an employee, or person whose name appears on any employment list: . . . (e) Insubordination . . . (o) Wilful disobedience." The claim was that appellant had made contact with an ex-prisoner, in violation of a rule of the Department. The rule provided in part: "No employee shall in any way deliberately contact or correspond with an ex-prisoner . . . unless his assigned duties require it or he has permission of his division or institution head. . . ."

Appellant was employed as a psychologist to help formulate a plan for a program of intensive case work treatment of prison inmates. The program was to have two parts; the first, called "in prison" treatment, was formulated and put into effect. The second part related to a program of "follow-through" treatment, and was directed towards help for former inmates who had left prison and were on parole.

In October 1959, prior to the events here in question, appellant had requested and received permission to contact a parolee, but later decided not to make the contact. At the same time appellant asked for blanket authority to contact parolees in the future. Appellant's superior denied this request, and in a letter to appellant explained that present policy of the Department was to discourage such contacts, and "[t]herefore, either with respect to personal contact or correspondence, individual requests will need to be made."

It is admitted that appellant made two visits to the home of a parolee, one in June and the other in July 1960; that no request was made, and no permission given to make such contact with the parolee.

In July 1960 appellant was transferred from duty at San Quentin to duty at the California Medical Facility at Vacaville, and given a new assignment. He did not again contact the parolee.

In November 1960 appellant was questioned by an investigator for the Department. These charges followed, and appellant was dismissed. A hearing was then granted before a hearing officer of the Board; the hearing officer recommended that appellant be reinstated; oral argument was granted by the Board pursuant to Government Code section 19582, subdivision (c) and, after argument, the Board made findings and sustained the Department in its dismissal of appellant.

This appeal challenges the sufficiency of the evidence to support the findings and decision of the Board and the trial court. Code of Civil Procedure section 1094.5, subdivision (c) provides: "Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence; and in all other cases abuse of discretion is established if the court determines that the findings are not supported by substantial evidence *in the light of the whole record.*" (Emphasis added.) Appellant contends that the use by the Legislature of the phrase "in the light of the whole record" requires the trial court to review the record, weigh the evidence, test the credibility of the witnesses, and determine the merits of the petition from such a review. ▮▮ It is the established law of this state, however, that the substantial evidence rule is the rule by which a court is bound in reviewing a decision of the Board. (*Boren* v. *State Personnel Board,* 37 Cal.2d 634 [234 P.2d 981]; *Genser* v. *State Personnel Board,* 112 Cal.App.2d 77, 82 [245 P.2d 1090]; *Nelson* v. *Department of Corrections,* 110 Cal.App.2d 331 [242 P.2d 906].) In *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 238, 246 [340 P.2d 1], the Supreme Court explained the meaning of the term "substantial evidence in the light of the whole record" as used in Code of Civil Procedure section 1094.5: "The phrase 'substantial evidence in the light of the whole record' is not new in the law of this state. It has been embodied in section 1094.5 of the Code of Civil Procedure at all times since the enactment of that section in 1945. (Stats. 1945, ch. 868, p. 1636.) The quoted language, as used in section 1094.5, had been considered by this court prior to the adoption of the constitutional amendment in 1954 (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 244 [259 P.2d 649]), and more recently, the meaning of a similar phrase —'based upon the entire record'—was considered by this court. (*Argonaut Ins. Exchange* v. *Industrial Acc. Com.,* 49 Cal.2d 706, 708 [321 P.2d 460].) The cited cases and others show that such phrases have been consistently construed as signifying no more than the adoption by the Legislature, for particular purposes, of the 'substantial evidence' rule as generally applied in judicial proceedings in this state rather than the 'scintilla' rule, which has been applied in judicial proceedings in some other jurisdictions. (See *Walters*

v. *Bank of America,* 9 Cal.2d 46, 49 [69 P.2d 839, 110 A.L.R. 1259]; 88 C.J.S., Trial, § 208, p. 422.)''

Our duty here is to review the record before the trial court, which is the same record as that before the Board, and to determine if there is substantial evidence in the record to support the findings made by the court.

■ We find substantial evidence in the record to support the determination of the Board and the court. It is undisputed that appellant made two contacts with a parolee at the latter's home; that arrangements for these visits were made while the parolee was a prison inmate; that appellant had knowledge of the rule and policy of the Department prohibiting employees from contacting ex-prisoners except by permission or unless the employee's assigned duties required the contact; that appellant had requested blanket permission to contact parolees and this had been denied; the supervisor of institutional research, under whose general direction the research program was carried on, testified that it was unnecessary for appellant to make personal contact with the parolee in order to carry out his assigned research task. The investigator for the Department testified to admissions made by the appellant, among them a statement by appellant that he contacted the parolee in order to continue treatment ''in the field''; that he expected some action by the Department as a result; that in case of conflict between his ''clinical judgment'' and a rule of the Department, his ''clinical judgment'' would prevail. The appellant was charged with insubordination and wilful disobedience. Evidence sufficient to support either charge would warrant dismissal by the Board. The trial court found substantial evidence of wilful disobedience in the record. The brief recitation here of only a part of the evidence before the Board and the trial court amounts to substantial evidence, which if believed by the Board, as it apparently was, fully supports the ruling which it made.

Appellant also contends that the findings of the Board are fatally defective in that they do not conclude in so many words that appellant's acts were done ''wilfully and intentionally'' with the intent to do an unlawful act. ■ Administrative findings, however, need not be stated with the formality and precision required in judicial proceedings. (*Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867 [206 P.2d 355].) Here the Notice of Punitive Action was the Board's pleading. Government Code section 19582, subdivision (e) provides in part that findings in disciplinary matters in the

State Civil Service may be stated "in the language of the pleadings or by reference thereto." The Board's notice, after stating facts, further alleged that "all of the said acts herein alleged were without just cause and excuse." The findings of the Board adopted in part the language of the Board's pleading, as permitted by the Government Code, and were in this case entirely sufficient. (*Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534 [110 P.2d 992] ; *Southern Cal. Jockey Club* v. *California etc. Racing Board,* 36 Cal.2d 167 [223 P.2d 1].)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 15, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1962.