[Civ. No. 8801. Fourth Dist., Div. One. May 20, 1968.]

McNEIL'S INC. et al., Plaintiffs and Appellants, v. CONTRACTORS' STATE LICENSE BOARD et al., Defendants and Respondents.

---

Murry Luftig for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendants and Respondents.

COUGHLIN, J.—Plaintiffs appeal from a judgment denying a peremptory writ in a mandamus proceeding to review the decision of the Registrar of Contractors revoking their licenses.

The license issued to plaintiff McNeil's Inc., hereinafter referred to as the Corporation, was revoked upon a finding of cause for disciplinary action under sections 7109, 7110 and 7116 of the Business and Professions Code; and the license issued to plaintiff Harold E. McNeil, hereinafter referred to as McNeil, who was vice president and responsible managing officer of the corporation, was revoked under section 7122.5 of the Business and Professions Code.

The Corporation installed a 3-inch gas line under a plumbing subcontract. The governing city plumbing ordinance required approval of newly installed gas lines by the plumbing inspector before use; and, as a condition to approval, required a 24-hour gauge test showing constant pressure, which would indicate the absence of any leak in the line. Upon completion of the installation in question a preliminary test by the Corporation showed leaks in the line. A subsequent official test purportedly showed the absence of any leaks. The gauge used in making the latter test was obtained and installed by the contractor; was in operation when the inspector arrived; appeared to be attached to the end of a 3-inch pipe, where the gas line commenced on the outside of the building in which it had been installed, but in reality was attached to a 21-foot capped 2-inch pipe inserted into and hidden from view within the 3-inch pipe; and consequently

did not truly test the condition of the 3-inch line. Relying on the gauge recording with its showing of a constant pressure for the required 24-hour period, the inspector approved the installation. Thereafter, when the gas meter was being connected with the gas line the presence of the 2-inch capped pipe within the 3-inch pipe was discovered. Thereupon the inspector ordered a 24-hour test with a gauge actually attached to the 3-inch pipe, which showed the loss of pressure indicating leaks in the line. The general contractor then employed another plumbing firm which located and sealed two large leaks. Another test showed constant pressure, but further investigation by the inspector resulted in the discovery of water in the line; its withdrawal; and a test showing loss of pressure. The general contractor removed parts of the walls, ceiling and roofing to locate the additional leaks, which it caused to be repaired. A subsequent test resulted in approval.

Premised on the foregoing incident, disciplinary proceedings were instituted against the corporation and McNeil. The accusation charged, and the Registrar of Contractors found, in substance, that before undertaking the official test of the gas line the corporation put water therein and inserted the 2-inch pipe in the manner aforesaid, and this conduct constituted cause for disciplinary action under Business and Professions Code sections 7109, 7110 and 7116.

The trial court concluded the evidence supported the finding the Corporation had inserted the 2-inch pipe in the gas line and caused the official test to be limited to the 2-inch pipe, but did not support a finding the corporation had put into the line the water found therein.

On appeal plaintiffs: (1) Contend the findings do not support the decision; (2) attack the sufficiency of the evidence to support the decision; (3) claim an abuse of discretion in the admission of evidence; and (4) assert the refusal of the trial court to remand the proceedings to the registrar for further consideration of the penalty issue was error.

Pervading a consideration of the issues on appeal is the fact that although the formal charges and the findings thereon against the corporation are couched in language asserting causes for disciplinary action under the various sections of the Business and Professions Code, the gist of the charges and the findings is misconduct in fraudulently obtaining official approval of the gas line installed by inserting a 21-foot capped 2-inch pipe into the 3-inch pipe thus limiting the test

to the 2-inch pipe, and in putting water into the gas line to prevent discovery of air leaks. Stated otherwise, the disciplinary action against the corporation is based upon its misconduct in fraudulently obtaining official approval of the gas line it had installed, whether such action is premised on misconduct defined in section 7109 as a wilful departure from and disregard of accepted trade standards of good and workmanlike construction in a material respect and prejudicial to another, or in section 7110 as a wilful and deliberate disregard and violation of the building laws, or in section 7116 as the doing of any wilful or fraudulent act in consequence of which another is substantially injured. If the conduct of the Corporation in effecting a fraudulent test of the gas line was misconduct under either of the foregoing sections of the Business and Professions Code, it constituted cause for disciplinary action, and the fact the registrar concluded it constituted misconduct under each of those sections is of no consequence.

 The form of the document used by the registrar to express his decision segregates the findings of fact, the determination of issues and the order. In substance, that part of the decision determining the issues also is a finding of ultimate fact. (Cf. *Bailey* v. *Department of Alcoholic Beverage Control,* 201 Cal.App.2d 348, 351 [20 Cal.Rptr. 264].) The segregation is of no consequence in determining what facts actually were found and upon which the registrar based his order. (Gen. see *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1, 5-7 [181 P.2d 72].) The findings of the registrar are to be liberally construed *(Bailey* v. *County of Los Angeles,* 46 Cal. 2d 132, 136 [293 P.2d 449] ; *Jack P. Meyers, Inc.* v. *Alcoholic Beverage etc. Appeals Board,* 238 Cal.App.2d 869, 873 [48 Cal.Rptr. 259] ) ; need not be stated with the formality required in judicial proceedings *(Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, 872 [206 P.2d 355] ) ; and include facts implied from the determination that cause for disciplinary action has been established against the contractor under Business and Professions Code sections 7109, 7110 and 7116. *(Bailey* v. *County of Los Angeles, supra,* 46 Cal.2d 132, 136; *Swars* v. *Council of City of Vallejo, supra,* 33 Cal.2d 867, 872; *Savelli* v. *Board of Medical Examiners,* 229 Cal.App.2d 124, 135 [40 Cal.Rptr. 171] ; *Buckley* v. *Savage,* 184 Cal.App. 2d 18, 30 [7 Cal.Rptr. 328] ; *Rudolph* v. *Athletic Com.,* 177 Cal.App.2d 1, 16 [1 Cal.Rptr. 898].) Judged by the foregoing

rules, the written decision of the registrar includes findings that the corporation effected a fraudulent test of the gas line it had installed for the purpose of obtaining inspector approval and its conduct constituted cause for disciplinary action under Business and Professions Code sections 7109, 7110 and 7116. Where findings point out the specific ground upon which an administrative agency bases its decision, they comply with the requirements in the premises. (*Webster* v. *Board of Dental Examiners*, 17 Cal.2d 534, 544 [110 P.2d 992]; *Savelli* v. *Board of Medical Examiners, supra,* 229 Cal. App.2d 124, 135.) The contention the findings do not support the order of revocation is without merit.

Plaintiffs also contend the findings are incomplete because they did not cover all of the factual issues. The facts to which attention is directed are evidentiary facts upon which findings are not required. (Gen. see 48 Cal.Jur.2d 309, § 308.) Although the findings made included many evidentiary facts, the failure to find on other evidentiary facts was not an abuse of discretion.

The attack on the sufficiency of the evidence to support the findings is impliedly raised in plaintiffs' arguments upon the sufficiency of the findings to support the decision. They claim there is no showing the corporation inserted the 2-inch pipe into the 3-inch gas line. Although there is no direct evidence on the issue, there is circumstantial evidence adequately establishing the fact.

The accusation charged the corporation had violated designated sections of the building ordinance respecting the inspection of newly installed gas lines. Plaintiffs claim the evidence does not show the gas line in question would not have met the testing requirements prescribed by the building ordinance. This claim is premised on the fact the test conducted was with 60 pounds of air pressure whereas, allegedly, for the type of piping in question only 10 pounds of pressure was prescribed. However, the corporation, by its fraudulent conduct, subverted any test of the gas line it had installed and whether the line would have withstood the testing pressure allegedly prescribed is immaterial. Furthermore, the corporation conducted the test; supplied the gauge; set the air pressure; and by its action indicates the test administered was the test required.

The officer conducting the hearing upon the accusation, over objection by plaintiffs, admitted in evidence a judg-

ment showing a conviction of the corporation for violation of the building ordinance, premised on its conduct in purportedly testing the gas line it had installed whereas, in reality, it tested only the 21-foot 2-inch capped pipe. The ruling of the hearing officer was proper under the rule stated and applied in *Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 910 [289 P.2d 863]. (See also Gov. Code, § 11513.) Defendants' reliance on the decision in *Lundborg* v. *Director of the Department of Professional etc. Standards,* 257 Cal.App.2d 141 [64 Cal.Rptr. 650], in support of their position is misplaced because the situations in the cited case and the case at bench differ in pertinent aspects. In *Lundborg* a prior judgment was accepted, under the doctrine of collateral estoppel, as a binding prior adjudication of misconduct upon which a license revocation was predicated; and the court held application of the doctrine of collateral estoppel under the circumstances in the case deprived the licensee of the full and fair hearing required by the statute; but the court did not hold admission of the prior judgment in evidence was error.[1] In the case at bench the referee did not apply the doctrine of collateral estoppel; considered other evidence supporting the charges against defendant; and concluded the total evidence showed plaintiffs not only violated section 7110 of the Business and Professions Code, authorizing revocation of a license because of a building ordinance violation, which was the subject of the prior conviction, but also violated sections 7109 and 7116 of the Business and Professions Code, authorizing revocation for wilful departure from and disregard of accepted trade standards and workmanlike construction, and for a wilful and fraudulent act substantially injuring another. The trial judge, in concluding the hearing on defendants' motion for a new trial, stated: ''The court feels this way, even in the absence of the misdemeanor conviction of the corporation that there was sufficient evidence upon which the administrative hearing officer could base his finding, and did base his finding; and that it was not error . . . to admit the proceedings in the criminal misdemeanor action.''

---

[1]The opinion in *Lundborg* v. *Director of the Department of Professional etc. Standards, supra,* 257 Cal.App.2d 141, did not consider the decision in *Contractors' State License Board* v. *Superior Court,* 187 Cal. App.2d 557, 562 [10 Cal.Rptr. 95], approving the application of the doctrine of collateral estoppel by judgment in a contractor's license revocation proceeding.

The contention the trial court erred in refusing to remand the proceedings to the registrar for further consideration of the penalty imposed, i.e., revocation, is premised upon the claim the registrar found the Corporation placed water in the gas line, which was one of two grounds upon which he based his order of revocation; upon the determination by the trial court that this finding was not supported by the evidence; and upon the rule stated and applied in *Bonham* v. *McConnell*, 45 Cal.2d 304, 306 [288 P.2d 502], that where a penalty is imposed by an administrative agency premised upon several charges some of which, on review, are determined not to be supported by the evidence, the matter should be remanded for further consideration of the penalty phase of the proceeding. In the case at bench, however, the misconduct of the Corporation in the fraudulent use of the 2-inch capped pipe as a substitute for the 3-inch gas line to obtain inspection approval and the misconduct in placing water within the line, although separate acts, constituted a single cause for disciplinary action. Our conclusion in this regard heretofore has been stated in full in this opinion. In reality, one ultimate fact was the basis for revocation of plaintiffs' license. That fact was the fraudulent conduct of the Corporation in preventing the taking of the test which would have disclosed leaks in the gas line. The determination of the trial court that the fraud was accomplished by one method rather than two methods does not alter the ultimate fact, i.e., fraudulent misconduct, which was the basis for revocation. Under these circumstances, it was not necessary to remand the proceeding for further consideration of the penalty phase. (*Strode* v. *Board of Medical Examiners*, 195 Cal.App.2d 291, 304 [15 Cal.Rptr. 879]; *Steele* v. *Los Angeles County Civil Service Com.*, 166 Cal.App.2d 129, 139 [333 P.2d 171].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.