[Civ. No. 35549. Second Dist., Div. One. Nov. 19, 1970.]

SAVOY CLUB et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS FOR THE COUNTY OF LOS ANGELES
et al., Defendants and Respondents.

1036

## COUNSEL

Marks, Sherman & London and Burton Marks for Plaintiffs and Appellants.

John D. Maharg, County Counsel, and Lynard C. Hinojosa, Deputy County Counsel, for Defendants and Respondents.

## OPINION

LILLIE, Acting P. J.—Petitioner corporation, of which George Bassman is a stockholder, was issued a license by defendant Welfare Commission to conduct a card club. The license was revoked by the commission after a hearing on an accusation filed by the sheriff's department alleging violations of certain gambling ordinances. The license appeals board having denied appeal from the commission's decision, petitioners sought a writ of mandate (as well as a declaratory decree) directing the commission to set aside its decision. Relief was denied, and petitioners appeal from the judgment.

The accusation contained a single count that on September 25 and 26, 1968, the licensee and/or its agents allowed, engaged in and permitted

gambling to be conducted upon its premises in violation of ordinances 461.21 (gambling) and 461.22 (permitting). Defendants, after due service of the accusation, filed notice of defense. Subsequently on October 11, 1968, and apparently it is not disputed, defendant commission notified petitioners' attorney (Burton Marks) that the hearing on the accusation was scheduled for October 23, 1968; it is further undisputed that at Mr. Marks' written request a continuance was granted until November 19, 1968; either at the request of Mr. Marks, or on its own motion, the commission subsequently granted further continuances. On January 22, 1969, Mr. Marks again requested a continuance until March and pursuant thereto, the hearing was continued to March 5, 1969. On March 4, 1969, the commission received a letter from Mr. Marks (dated March 3) requesting still another continuance. On March 5 Mr. Marks' office was called to ascertain whether or not he would appear to present his case for a continuance or, if denied, to proceed with the hearing; a return call from his secretary affirmed that he knew of the hearing (then set for 1 p.m.). Neither Mr. Marks nor his clients having appeared at the above hour and no reason having been received for their failure to proceed, the commission denied his last request for continuance and proceeded with the hearing which culminated in the revocation of petitioners' license.

■ Appellants' first point is that the commission abused its discretion in refusing to grant them a continuance of the administrative hearing. They assert that no showing was made why there was any necessity for "a hurry-up" of the hearing particularly, as stated by Mr. Marks in his letter of March 3, since a criminal action involving the identical charges was then pending. They now argue that "A licensee should not be forced to decide between defending against the loss of his license (by testifying) and the fear that his testimony could be used against him in a pending criminal action." This contention is devoid of merit.

■ As a general proposition, it is established that there is no absolute right to a continuance in a proceeding such as this unless the refusal thereof was an abuse of discretion. (*Givens* v. *Department Alcoholic Bev. Control,* 176 Cal.App.2d 529, 532 [1 Cal.Rptr. 446].) ■ Three of the five continuances granted by the commission were at the request of Mr. Marks; the last continued date (March 5, 1969) was suggested by him and agreed to by the commission as an accommodation. Notwithstanding the latter, he failed to appear although his secretary indicated his knowledge of the continued date. ■ Since it is settled that notice to an attorney is imputed to his nonappearing clients (*Freeman* v. *Superior Court,* 44 Cal.2d 533, 538 [282 P.2d 857]), that rule governs the further claim that their license was improperly taken from them by default. ■ Nor is there any valid reason why the hearing should have been continued be-

cause petitioners might then and there have had to invoke the privilege against self-incrimination. Such privilege "cannot be asserted in advance of the questions actually propounded in the examination . . . [Citations.]" (*Marcello v. United States* (5th Cir. 1952) 196 F.2d 437, 441.) Absent the establishment of conditions necessary for its assertion, not the mere possibility thereof, the privilege thus prematurely invoked could not be urged as a bar to the hearing of the accusation theretofore filed.

In light of the above circumstances and principles, it cannot properly be urged that the commission arbitrarily and capriciously declined to grant any further continuances.

The same Fifth Amendment privilege is also relied on by appellants in support of their next argument that the administrative hearing should have been abated pending the outcome of the criminal action based upon the same facts. Cited is *Silver v. McCamey* (1955) 221 F.2d 873 [95 App.D.C. 318], which held (one justice dissenting) that due process is not observed if an accused (a licensed taxicab driver) is subjected, without his consent, to an administrative hearing (license revocation) on a serious criminal charge (rape) then pending against him. The dissent is more in accord with prevailing California law: "If a person is a taxicab driver, he takes his license on the full understanding that he is subject to supervision as required by law, and fitness to continue as a privileged licensee is always a possible issue. In my opinion, he acquires through the Fifth Amendment no status of insulation from requirements reasonably designed for the public protection." (*Supra,* p. 877.) It is stated in Continuing Education of the Bar, California Administrative Mandamus, at pages 51-52: "Administrative proceedings, even those resulting in disciplinary action, are not criminal in nature. Licensing procedures have been set up for various activities to protect the public from unfit practitioners. When a license is revoked, it is done primarily to protect society, not to punish the licensee. See discussion in *Meade v. State Collection Agency Bd.* (1960) 181 CA2d 774, 776, 5 CR 486, 487. The rules applicable to burden of proof in criminal cases do not apply, therefore, at administrative hearings (see § 5.24); neither do many of the principles of evidence governing criminal trials. *Webster v. Board of Dental Examiners* (1941) 17 C2d 534, 537, 110 P2d 992, 994."

There is one further deviation in the *Silver* decision from the California view respecting due process in such matters. According to the majority, "[The licensee's] necessary defense in the administrative hearing may disclose his evidence long in advance of his criminal trial and prejudice his defense in that trial." (*Supra,* p. 875.) Rationalized, the quoted statement envisions premature and coerced pretrial discovery which, according to the majority of the *Silver* court, would deprive the licensee of fundamental due

process. ■ At least since *Jones* v. *Superior Court,* 58 Cal.2d 56 [22 Cal. Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], limited discovery of defense evidence has been allowed in California. ". . . [A]bsent the privilege against self-incrimination or other privileges provided by law, the defendant in a criminal case has no valid interest in denying the prosecution access to evidence that can throw light on issues in the case." (P. 59.) Accordingly, after observing that the procedure for pretrial discovery tends to promote the orderly ascertainment of the truth, the court declared: "That procedure should not be a one-way street." (P. 60.) ■ More recently, in *Funke* v. *Department of Motor Vehicles,* 1 Cal.App.3d 449 [81 Cal.Rptr. 662], the driver's license of petitioner was suspended following an administrative hearing; after such hearing, he was tried and convicted on charges of operating a motor vehicle while intoxicated. It was contended on appeal, as well as at the administrative hearing, that his constitutional rights were impaired because the hearing was conducted prior to the criminal trial; more specifically, it was argued that prejudice resulted in his criminal trial from the disclosure of his defense at the administrative hearing. Said the court: "If there was any legal ground of complaint based on these contentions, it pertained only to the criminal trial. Since a criminal trial is for the purpose of developing the truth, we cannot accept the view that there is any unconstitutional prejudice if he discloses his evidence in advance of the criminal trial. Petitioner does not show in what way he was prejudiced, nor does he show that his alleged defenses fell without the scope of discovery to which the prosecution in·a criminal case is entitled. (*Jones* v. *Superior Court* (1962) 58 Cal.2d 56, 59, 62 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213].)" (P. 454.) The rules and principles restated above effectively refute petitioners' claim that the criminal proceeding should have been abated. As in *Funke,* at the hearing before the commission they had a choice to testify or not to testify to protect their license; not only did they refuse to testify, but they (as well as their attorney) declined or refused to even appear at the hearing although on due notice thereof. Accordingly, we proceed to appellants' next assignment of error.

■ Under the governing ordinance (No. 5860, § 135.15), it is provided in pertinent part that the commission's decision shall be in writing and shall contain findings of fact, a determination of the issues presented and the penalty (if any) unless specifically waived by the parties. No findings having been made, it was asserted in the trial court that such omission prejudiced petitioners and constituted ground for a peremptory writ ordering the commission to set aside its decision. The trial court expressly found that findings of fact were reasonably implied from the accusation and decision; additionally, it found that the commission's failure to make written findings worked no prejudice to petitioners and that to re-

mand for such findings would be an idle act. Appellants' authority for the validity of their position is *Bostick* v. *Martin*, 247 Cal.App.2d 179 [55 Cal.Rptr. 322], generous portions of which decision are quoted in their brief. Although certain pronouncements, from an overall standpoint, sustain appellants' present argument we believe they should be considered in the context of the circumstances there presented. The cited case involved an application filed with the Savings and Loan Commissioner by Bostick and others for approval of their proposed articles of incorporation to engage in the savings and loan business; at the hearing both proponents and opponents were heard. The application having been denied without written findings setting forth the reasons therefor, it was concluded on appeal that the commissioner should have complied with the statutory requirements in that regard found not only in section 11518, Government Code, but also in section 5513, Financial Code, which (as the reviewing court noted) was enacted after the last amendment to section 11518, *supra*. In the instant case, unlike the contested proceeding encountered in *Bostick*, petitioners made no appearance at the hearing and, having thus defaulted, introduced no evidence contrary to that presented in support of the accusation against them. In *DeMartini* v. *Department of Alcoholic Beverage Control*, 215 Cal.App.2d 787 [30 Cal.Rptr. 668], it was observed that "a party 'cannot complain of a lack of finding, where, if made, it would have necessarily been against him. [Citation.]' " (P. 814.) The decision just cited also refers to *Swars* v. *Council of City of Vallejo*, 33 Cal.2d 867 [206 P.2d 355], wherein this frequently followed statement is found: "In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found." (P. 872.) The foregoing presumption was applied in *Swars* "since there was but one charge against Swars for misconduct of a given type on a specific occasion." (P. 872.) Such determinations are particularly persuasive here in light of the single count set forth in the accusation filed against these petitioners. As in *Bailey* v. *County of Los Angeles*, 46 Cal. 2d 132, 136 [293 P.2d 449], " 'We cannot perceive wherein appellant has been prejudiced by the absence of formal findings under the facts here present.' " After reference to the only finding which could have been made, the court concluded: "Since there is nothing to the contrary in the record before us, this finding may be presumed from the recommendation made (*Swars* v. *Council of City of Vallejo*, 33 Cal.2d 867, 872 [206 P.2d 355])." (P. 136.)

Appellants' remaining contentions are likewise devoid of merit. ▮ First, it was not error for the trial court to deny petitioners' offer to introduce additional evidence at the hearing on the issuance of the writ;

upon review of the decision of a local administrative body, the court's function is limited to ascertaining whether substantial evidence exists in the record to support the decision challenged. (*Todd* v. *City of Visalia,* 254 Cal.App.2d 679, 690 [62 Cal.Rptr. 485].) ■ Second, appellants cannot properly complain that certain evidence presented to the commission was illegally obtained; assuming, *arguendo,* that such was the case, they failed to object to its introduction and are now foreclosed from urging the point. (*People* v. *Flores,* 68 Cal.2d 563, 567 [68 Cal.Rptr. 161, 440 P.2d 233].) ■ Finally, it is urged that the ordinance under which their license was revoked is unconstitutional in its application to petitioners; the specific contentions are additional to that involving the abatement of the criminal trial, discussed above, and were first urged in the trial court. " ' "It is the general rule applicable in civil cases that a constitutional question must be raised at the earliest opportunity or it will be considered as waived." [Citation.]' " (*Jenner* v. *City Council,* 164 Cal. App.2d 490, 498 [331 P.2d 176]; accord, *Preston* v. *Municipal Court,* 188 Cal.App.2d 76, 82 [10 Cal.Rptr. 301].) To us it seems that the additional constitutional issues here presented properly should have been urged at the administrative level and not on the piecemeal basis here adopted by petitioners. (See *Robins* v. *County of Los Angeles,* 248 Cal. App.2d 1, 13 [56 Cal.Rptr. 853], and cases therein cited.)

The judgment is affirmed.

Thompson, J., and Gustafson, J., concurred.

A petition for a rehearing was denied December 15, 1970, and appellants' petition for a hearing by the Supreme Court was denied January 28, 1971.