[Civ. No. 23318. Second Dist., Div. Two. Dec. 15, 1958.]

CAROLYN A. STEELE, Appellant, v. LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., Respondents.

Guerin, Guerin & Graham for Appellant.

Harold W. Kennedy, County Counsel, and Joel R. Bennett, Deputy County Counsel, for Respondents.

ASHBURN, J.—Appellant, as petitioner, sought in the superior court mandamus to compel respondent Los Angeles County Civil Service Commission to reinstate her as Deputy Clerk Grade IV of the Municipal Court of El Monte Judicial District, Los Angeles County. She was reduced in rank from grade IV to grade I by order of the commission and that order was affirmed by the superior court through denial of appellant's petition for mandamus; from that judgment she appeals.

Appellant was a deputy or assistant clerk of the Justice Court of El Monte Township and as such was blanketed into the municipal court for that district by the statute which reorganized the inferior courts in 1951, thus becoming, as the parties concede, entitled to the protection of the provisions of the Los Angeles County Charter and the rules of the Los

Angeles County Civil Service Commission in matters of discharge and reduction. She was acting clerk for a short period; took the examination for appointment as clerk but failed to pass. Mr. Hurl H. Churchill succeeded her when he became permanent clerk on November 1, 1954.

Pursuant to rule 19.02 of the rules of the civil service commission he undertook to reduce appellant on December 6, 1956, from grade IV deputy clerk to grade I deputy clerk. This was done by letter stating reasons for reduction as required by said rule. In due course issue was joined and a hearing held before a member of the commission who was designated as hearing officer for that purpose. Appellant's major contentions revolve around the findings made by the hearing officer. To that matter our discussion will be directed first.

The rule requires that " [s]uch reasons [for demotion] shall state the specific grounds and the particular facts upon which the . . . reduction is based . . . ." Mr. Churchill's letter of reduction charged that " [y]ou have failed to exercise diligence, intelligence or interest in the pursuit of your duties, even following counseling at the time you were given your Performance Evaluation Report a year ago showing a 'Below Standard' rating . . . ." It further stated that an investigation had been made and "the following specific facts were established, which constitute the grounds for the foregoing action." Then followed nine paragraphs of specific facts, some of which were admitted by appellant's answer and request for hearing.

The first of these specific paragraphs alleged that appellant on November 9, 1956, issued and delivered to the sheriff a commitment of one David Vallejo to the county jail for 90 days, although the judge had sentenced him to 60 days only. Appellant admitted this allegation and averred that the error was corrected without damage to anyone, relying upon the fact that a deputy from the transportation bureau called her attention to the error. At his request she checked the memorandum made by the judge and found the sentence to be 60 days. According to Mr. Churchill, who was present: "On back of the file where the judge writes the order for commitment was a notation of sixty days in County Jail. Mrs. Steele said, 'Well, they won't send him to the Honor Farm.' · It also showed, 'recommended to Honor Farm.' 'They won't send him for less than the ninety days.' The officer said, 'Oh, yes they will. They'll send him for just thirty days.' I said to Mrs. Steele, 'It makes no difference what jail will do

when they get the commitment according to what the judge says.' Mrs. Steele changed the wording of ninety to sixty and handed it back.''

Also included in paragraph (1) of the letter of reduction was the further statement that the Vallejo commitment ''followed your issuance of a commitment against defendant Clarence August Walters on January 21, 1955 in case No. M-5552 for $158.00 or 30 days in the County Jail instead of the duly pronounced and written and entered sentence of $20.00 or 4 days in the County Jail, thereby requiring the said defendant to serve 30 full days in jail instead of 4, no part of said fine having been paid.'' Mrs. Steele denied this but the facts were clearly proved.[1] Judge John K. Otis, presiding in that judicial district, received a letter of February 21, 1955, from Walter whom he had sentenced to pay $20 or serve four days in jail. It said: ''On Jan. 21, 55, I apeared before you on a 1735½. You gave me $20 or 4 days, but in the Co. Jail they had it $150.00 or 30 days. I done the 30 days, got out Feb. 20, '55. WHY?'' Judge Otis had Churchill verify the facts and then talked with appellant. After she had read the letter at the judge's request the following occurred, according to Judge Otis' testimony: ''When she did, and I said, 'Carolyn, this man has served thirty days when I only sentenced him to spend four days in the County Jail'; she said, 'Yes, I know. I made a mistake.' I said, 'Well, it's a very serious mistake. The man has been deprived of his liberty for twenty-six extra days.' She said, 'Well, Judge, look at his drunk arrest record. He's had a lot of drunk arrests. He had it coming to him.' I said, 'Carolyn, I'm amazed that you would make that statement. It isn't a question of whether you think the man should be serving thirty days or whether he has a long record and therefore should serve thirty days. The point is the Court sentenced him to four days in the County Jail, and it isn't for you to say whether he should serve thirty days or four days. I felt that he should serve four days. I am surprised that you should make that statement. It's a very tragic error. ' She made no comments with that, and that was the end of the conversation.'' The hearing officer and the commission found this specification to be true and the trial judge properly held the finding is supported by substantial evidence.

---

[1]The superior court found that there was no allegation of proximate cause in the reducing letter but we consider this immaterial. Moreover, the fact of proximate cause plainly appears from the record.

Appellant admitted the statement of paragraph 3(b) of the reduction letter, namely, that she in the case of *Prunty* v. *Pascoe* had made an entry in the register of actions on October 25, 1956, of " ' (1-Galceran)[2] Cause called' " with nothing further except the entry of the judgment; no showing of appearances or fact of rendition of judgment; but appellant alleged that this was done in accordance with Churchill's instructions. This he refuted. The commission's finding was contrary to appellant's contention and the trial judge properly held that substantial evidence supported that finding.

Appellant also admitted the specification that she on October 10, 1956, failed to inform the bailiff in charge of jurors to notify prospective jurors not to appear for trial of a certain case on October 18, the defendant having entered a plea of guilty; that it was her duty so to do, and, as a result thereof, a large number of jurors appeared and were paid $3.00 each, plus mileage.

Appellant denied, but the commission found to be true, the specification of the letter that she had presented to the judge nine orders for appearance of prospective jurors which were signed by him and ready for mailing, but that not one of them "had the time of day inserted in the place of the time court convened, nor the name of the judge. One (M-9601) had the name of the defendant where the case number should be, and vice-versa. You had rubber-stamped on each order the date of 'October 21, 1956' as the date the judge signed each order, whereas the actual date he made and signed each order was November 21, 1956, many of such cases not having even been filed by October 21, 1956." The trial judge found the evidence sufficient to sustain the commission's finding in this regard and was justified in so doing.

The letter charged that appellant told the defendant in *People* v. *Kulyas* that his cash bail of $27 would be returned in three weeks because he had been found not guilty. Not having received the money, Kulyas made inquiries and it developed that, although it was appellant's duty to make a "calendar memo" for the bookkeeper which would initiate the return of the bail, she failed to do so. Although it was found below that the evidence did not substantiate the claim that appellant told Kulyas he would receive his bail money the other facts were found against her by the commission and the finding

[2] The name of the judge presiding.

is supported by substantial evidence as found by the trial judge.

Written findings were made by the hearing officer, adopted by the commission and construed by the superior court to be findings "that all of the particular facts charged in the letter of reduction served on petitioner were true." The hearing officer's findings were lamentably inartful but not fatally so. Before referring to the letter of reduction they say: "That said employee under proper conditions and supervision can adequately fill the duties of Deputy Clerk I, but is not physically or emotionally able to perform the regular duties of a Deputy Clerk IV." No specification of physical or emotional inability to perform the duties of a deputy clerk IV was included in the letter of reduction, either in general or specific terms. The findings proceed as follows: "That said employee by letter of reduction dated December 6, 1956, was charged with failing to exercise diligence, intelligence, or interest in the pursuit of her duties. That certain specific facts were alleged constituting the grounds for the reduction as stated in nine charges or five pages of specific acts all of which were in the nature of clerical errors, some of them with serious consequences to the individual defendant involved in the case, but taken as a whole or as a small group of charges, are sufficient to show said employee was not physically or emotionally capable of performing properly the duties of a Deputy Clerk IV." By way of conclusion: "The Hearing Officer therefore concludes that there was sufficient substantial evidence to support the charges alleged in the letters of reduction, but that no charge standing alone is sufficient to support the reduction, but that when the charges are considered in groups of three or four or more the pattern is clearly shown that said employee is not physically or emotionally able to perform the duties of a Deputy Clerk IV."

Civil service rule 5.11 provides: "Formal findings of fact are not required. If such hearing is not before the full Commission, written findings shall be submitted to the Commission for its approval. If the Commission accepts such findings, it need not read the record of the hearing; if it declines to accept such findings, it must read the record or hold a hearing *de novo*. After which it may adopt the findings made by the Hearing Board or make its own findings."

The trial judge concluded that, although the hearing officer's findings upon certain specific allegations were not sup-

ported by substantial evidence, "the particular facts charged in the said letter of reduction as to which there was substantial evidence are sufficient to support the findings of the Civil Service Commission that the Petitioner failed to exercise diligence, intelligence or interest in the pursuit of her duties; that the Civil Service Commission did so find that there existed specific grounds for reduction consisting of failure on the part of the Petitioner to exercise diligence, intelligence or interest in the pursuit of her duties; that said findings of particular facts and specific grounds support the conclusion of the Civil Service Commission that the reduction of Petitioner was justified."

Based upon the gratuitous conclusion of the hearing officer that appellant was not physically or emotionally able to perform the duties of grade IV appellant's counsel argues a denial of due process in that she has been tried upon an issue not alleged in the reduction letter and demoted upon the basis of a finding of the truth of such charge. The trial judge found that appellant was not tried upon a charge of being physically or emotionally unable to perform the duties of a grade IV clerk and the record sustains this finding. The statement of such inability as made by the hearing officer was but an additional observation superimposed upon his "conclusion" that "there was sufficient substantial evidence to support the charges alleged in the letters of reduction." The commission itself found, after reading the officer's findings and conclusions, that "good cause appearing therefor, and the Commission being fully advised in the matter, accepts the Findings and Conclusions of its duly appointed Hearing Officer, Hayden F. Jones, and determines that the facts and reasons justify the reduction of said employee, CAROLYN A. STEELE."

Findings of administrative tribunals are liberally construed for the reason, among others, that they are often the product of laymen operating in an unfamiliar field. *Swars* v. *Council of City of Vallejo*, 33 Cal.2d 867, 872-873 [206 P.2d 355] : "Although administrative findings must conform to the statutes governing the particular agency, they need not be stated with the formality required in judicial proceedings [citations]. In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found [citations]. . . . Administrative findings may be general as long as they satisfy the dual requirements of making intelli-

gent review by the courts possible and apprising the parties of the basis for administrative action."

*Bailey* v. *County of Los Angeles*, 46 Cal.2d 132, 136 [293 P.2d 449] : " '[I]n connection with the action of such commission and board, composed usually of laymen, the fact that a certain action is taken or recommendation made raises the presumption that the existence of the necessary facts had been ascertained and found. [Citations.] We cannot perceive wherein appellant has been prejudiced by the absence of formal findings under the facts here present.' " (To the same effect, see also *Temescal Water Co.* v. *Department of Public Works*, 44 Cal.2d 90, 102 [280 P.2d 1] ; *Miller* v. *Planning Commission*, 138 Cal.App.2d 598, 603 [292 P.2d 278] ; *Sobo* v. *Board of Police Commissioners*, 145 Cal.App.2d 783, 788 [303 P.2d 104].)

The last sentence quoted from the Bailey case, *supra,* points to the criterion to be applied to findings of administrative boards,—whether appellant has been prejudiced by informalities or other inadequacies of same. In *Southern Calif. Jockey Club* v. *California etc. Racing Board*, 36 Cal.2d 167, 176 [223 P.2d 1], the court, dealing with the claim of errors in receipt of evidence, said: "In its memorandum opinion the trial court said: 'Nevertheless, eliminating from consideration testimony concerning the economic interest of the existing tracks, there is still substantial evidence upon which to sustain the Board's determination. Even if there be some error in the record, the court should follow the general principle enunciated in Article VI, section 4½ of the Constitution, to wit, sustain the trial body where the error complained of has not resulted in a miscarriage of justice.' Thus its conclusion was that without such evidence there was sufficient evidence to support the board's decision. Moreover, it is presumed on appeal that the court, sitting without a jury, did not base its finding on irrelevant evidence where there is competent evidence to support it. [Citations.] There being competent evidence to support the judgment without such 'improper' evidence, and the court not having based its findings on the latter, it is not important that plaintiff's offer of proof in rebuttal thereof was denied by the board." See also to the effect that error occurring in an administrative proceeding does not vitiate the ruling unless shown to have been actually prejudicial to the appellant, *Roark* v. *State Bar*, 5 Cal.2d 665, 668 [55 P.2d 839] ; *Maryland C. Co.* v. *Industrial Acc. Com.*, 178 Cal. 491, 493 [173 P. 993] ; *Brewer* v. *Railroad Commission,*

190 Cal. 60, 77-78 [210 P. 511]; *Ocean A. & G. Corp.* v. *Industrial Acc. Com.*, 180 Cal. 389, 393 [182 P. 35]; *Walsh* v. *Industrial Acc. Com.*, 1 Cal.2d 747, 748 [36 P.2d 1072]; *Frankfort General Ins. Co.* v. *Pillsbury*, 173 Cal. 56, 60 [159 P. 150]; 2 Cal.Jur.2d § 223, p. 367; 42 Am.Jur., § 244, p. 686. ▮ Moreover, the theory pursued by the agency in reaching its conclusion is not important if the facts warrant the action taken. (*Southern Calif. Edison Co.* v. *Industrial Acc. Com.*, 78 Cal. App. 584, 591 [248 P. 938]; *Liberty Mutual Ins. Co.* v. *Industrial Acc. Com.*, 73 Cal.App.2d 555, 563 [166 P.2d 908]; 42 Am.Jur., § 244, p. 686.)

▮ The trial judge correctly concluded that the commission acted upon the charges made in the reduction letter and inferentially that the language concerning physical and emotional inability is to be rejected as surplusage.

▮ In the same connection appellant argues that she did not have a fair trial because evidence was taken secretly by the hearing officer. This refers to his recital that he had "seen the demeanor of the witnesses while testifying." Such observation is standard practice in administrative hearings as well as in court trials. (*Pratt* v. *Los Angeles County Civil Service Com.*, 108 Cal.App.2d 114, 120 [238 P.2d 3]; *5501 Hollywood, Inc.* v. *Department of Alcoholic Beverage Control*, 155 Cal.App.2d 748, 754 [318 P.2d 820].) It is an aid to determination of the credibility of witnesses; in this instance substantial portions of appellant's testimony were rejected. There is no basis for the contention that the observing of witnesses while testifying was an improper or secret method of taking evidence. Nor is it a taking of evidence outside the hearing.

▮ Appellant criticizes the language of the hearing officer's finding "that there was sufficient substantial evidence to support the charges alleged in the letters of reduction," arguing that this shows an improper placing of the burden of proof upon the one who is challenging the reduction in rank and pay. Rule 5.10 of the commission says that in such hearings "the burden of proof shall be on the appointing power." The principles of construction to which we have adverted indicate that the criticized language is but a layman's way of saying that the charges have been sustained by a preponderance of the evidence. Particularly is this clear when it is recalled that the more serious charges against appellant were admitted or proved by convincing evidence and that they are sufficient, as the trial judge indicated, to warrant appellant's

reduction regardless of other relatively inconsequential specifications.

■ Because the trial court found that the evidence was insufficient to sustain the commission's finding of truth of some of the less serious specifications[3] appellant argues that the matter must be remanded to the commission for further consideration. Counsel invokes the asserted analogy of cases such as *Cooper* v. *State Board of Medical Examiners*, 35 Cal. 2d 242, 252 [217 P.2d 630, 18 A.L.R.2d 593]; *Mast* v. *State Board of Optometry*, 139 Cal.App.2d 78, 87, 91 [293 P.2d 148], which hold that a punitive administrative proceeding should be remanded to the agency when it appears that multiple charges have been by it sustained and have resulted in a single penalty but the evidence does not sustain some of the charges and a real doubt arises from the record as to whether the agency would have inflicted the particular penalty had it realized that the evidence was not sufficient to support certain of the charges. The supposed analogy fails to materialize. Counsel have not presented any question of excessive penalty at bar. Nor does the case actually present a series of separate charges. There is one ultimate charge, that of failure to exercise diligence, intelligence or interest in the pursuit of appellant's duties. The specific facts included in the letter of reduction, as required by rule 19.02, are actually evidentiary matter presented in support of the ultimate fact of lack of diligence, etc. It should not be necessary to establish all the constituent facts alleged if the evidence proves enough of them to show the ultimate fact to be true; and it is not necessary. (*Leeds* v. *Gray*, 109 Cal.App.2d 874, 877 [242 P.2d 48].) From the record at bar no doubt arises concerning the propriety of the reduction of appellant to grade I as the result of proof of the facts held by the trial judge to be established by sufficient evidence; we in turn find the trial judge's finding to be sufficiently supported.

■ Based upon matter first elicited upon cross-examination of Mr. Churchill appellant's counsel argues that this proceeding is a collateral attack upon a legislative determination that appellant is qualified to perform the duties of grade

---

[3]For example, entering of judgment in minute book before entering it in register of actions (*Prunty* v. *Storey*); that appellant had the duty to enter judgment in *Rowell* v. *Miller* but failed to do so; that she failed to square her minutes with the judge's notes on the jacket of the case of *Bielec* v. *Evans*; failure to notify bonding company when bail was exonerated.

IV. The witness was asked: "Mr. Churchill, did you make the reduction in this case bases on your opinion that the reduction was a just penalty to impose on Mrs. Steele for the errors which she committed?" and he said: "Well, my opinion is that Mrs. Steele couldn't do a Grade I's work, but she had passed originally a Grade I Examination in the Justice Court." Also: "I thought she should be given the opportunity at least to try to do a Grade I's work, because she actually passed the Grade I Examination. Commissioner Jones: You opened your statement that she could not do Grade I work. The witness: She could not. I didn't want to go and ask for a discharge if she could be given a chance to do a Grade I's work and maybe work up from there, if it's possible to do so. She passed her Grade I work, although it was in the Justice Court, and it was rather perfunctory at the time in 1949." Manifestly there is no merit in the argument that the blanketing-in statute implies legislative approval of Mrs. Steele for all time regardless of whether she performed her duties properly, which would attribute to the Legislature astounding stupidity. Appellant was blanketed into the position subject to the civil service requirements of efficiency and to its procedures for correction of inadequacy.

But the cross-examination does not stop with eliciting Mr. Churchill's opinion that appellant was not actually qualified to do grade I work. The witness was led into expressing the further opinions that appellant does not have ability to record the minutes of all proceedings, or to prepare civil judgments ordered by the court, or to certify to the correctness of civil judgments, or to correct minutes in the minute book, or to review and certify to default judgments, or to comprehend the necessity for judgment or the type of judgment to be used, or to review and certify the work of other attaches, or to maintain statistics for judicial council reports, or to supervise destruction of over-age records, or to supervise and assist in training other clerks, or to perform docketing and calendaring functions. Pressed further, the witness said: "These things are somewhat of a confidential matter, and I would get together with Mrs. Steele and talk at her desk, trying to be out of the hearing of other Deputies, explaining why the hearings are necessary in Civil and Criminal. It didn't seem to soak in, so I'd go over it again, or I'd write it out and explain why, pointed out code sections why, and reasons for the rules. She still didn't comprehend." This evidence has a direct bearing upon the question of whether any errors in the find-

ings or other procedural steps of this case were prejudicial to appellant and fortifies our conclusion that they were not.

Appellant presents 25 points in support of a reversal. All have been examined and found without merit. Those not previously mentioned require no discussion.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.