[Civ. No. 25585.   Second Dist., Div. One.   Feb. 8, 1962.]

FRANK RALPH SICA, Plaintiff and Appellant, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES, Defendant and Respondent.

Lawrence William Steinberg for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and George J. Franscell, Deputy City Attorney, for Defendant and Respondent.

LILLIE, J.—In 1958 appellant Sica, owner of a bar and café, filed an application for a public dance hall café and café entertainment permit. After a hearing before a hearing examiner of the board of police commissioners the examiner submitted to the board his proposed findings and recommendation that the permit be granted; the board rejected the same and denied appellant's application. A peremptory writ of mandate was then granted by the superior court ordering the board to vacate its decision. After a second hearing before the examiner during which approximately 10½ days of testimony were taken, he submitted to the board his report containing a summary of the evidence and his proposed findings, conclusions and recommendation that the permit be denied, which the board adopted. Again the board denied the application, and Sica filed this second mandamus proceeding. The cause was heard in the court below on the pleadings, 11 volumes of the transcript, the examiner's report, and the 58 exhibits received in evidence during the administrative hearing. The lower court found a portion of one of the board's findings to be unsupported by the evidence, but found all others to be supported by substantial evidence in the light of the whole record and concluded that two of them constituted good and proper grounds for denial of the permit. Appeal is taken from the judgment denying the peremptory writ of mandate.

After the second administrative hearing, the following findings, conclusions and recommendation of the hearing examiner were adopted by respondent board:

"IV  CONCLUSIONS:

"A. It is concluded that Frank R. Sica is not a fit and proper person to be trusted with the privileges granted by a Public Dance Hall Cafe and Cafe Entertainment permit, and his operation of these types of businesses would not comport with public welfare, for the following reasons:

"1. He has a bad moral character, has intemperate habits, has a bad reputation for truth, honesty and integrity.

"2. His arrest record, which indicates he has been arrested approximately nine times with three convictions, two on gambling charges and once for disturbing the peace.

"3. Evidence in this hearing has given full indication that Frank R. Sica has associated with persons having arrest records, some of whom have been named as 'hoodlums and racketeers' by an Assembly Committee of the State of California.

"4. Evidence in this hearing has given every indication that Mr. Sica has in the past, and does at the present time, employ persons having arrest records, and in several instances this is and has been known by him.

"5. Mr. Sica has permitted persons of questionable reputation, and with arrest records, to frequent his place of business.

"B. The examiner concludes that the matters contained in Paragraph A, 1 to 5, do not comport with the peace, health, safety, convenience, good morals and general welfare of the public.

"V. RECOMMENDATION:

"A. It is therefore recommended that the applications by Frank R. Sica for a Public Dance Hall Cafe and Cafe Entertainment permit at 8351 San Fernando Road, Sun Valley, California, be DENIED."

The hearing on the petition in the lower court resulted in various findings based on the pleadings filed therein, a finding that substantially all of the board's findings (par. IV, A, 1 through 5) were supported by substantial evidence, and the conclusion that two of the administrative findings justified a denial of the permit under the Municipal Code. The court below also determined that under the scope of its inquiry it was without power to review the board's conclusions (par. IV, A and B) (Findings of Fact, par. II 8 (ii)), but found that if the following conclusions in paragraph IV, A and B could be construed as findings of ultimate fact and not conclusions of law, they would not be supported by the evidence: "that Frank R. Sica is not a fit and proper person to be trusted with the privileges granted by a Public Dance Hall Cafe and Cafe Entertainment permit, and his operation of these types of businesses would not comport with public welfare," and that "the matters contained in paragraph A, 1 to 5, do not comport with the peace, health, safety, convenience,

good morals and general welfare of the public.'' (Findings of Fact, par. II.8(iii)). However, with exception of one portion of the first administrative finding—that appellant ''has intemperate habits'' (Finding of Fact, par. II.3(1); par. III.4(a)), all other findings of the hearing examiner adopted by the board and contained in paragraph IV, A and B (6 in all), were upheld by the lower court as supported by substantial evidence in light of the whole record (Findings of Fact, par. II.7). These findings are:

''(a) 'That Petitioner has a bad moral character.'

''(b) 'That Petitioner has a bad reputation for truth, honesty and integrity.'

''(c) 'That Petitioner has an arrest record which indicates he has been arrested approximately nine times, with three convictions, two on gambling charges and once for disturbing the peace.'

''(d) 'That evidence in said hearing gave full indication that Petitioner has associated with persons having arrest records, some of whom have been named as ''hoodlums and racketeers'' by an assembly committee of the State of California.'

''(e) 'That evidence in said hearing gave every indication that Petitioner has in the past and did at some time employ persons having arrest records and in several instances this was known to him.'

''(f) 'That persons of questionable reputation and with arrest records have visited Petitioner's place of business.' '' (Findings of Fact, par. II.7.)

The lower court concluded that: ''[t]he findings of the Hearing Examiner and Respondent that Petitioner has a bad moral character and has a bad reputation for truth, honesty, and integrity, being supported by substantial evidence in the light of the whole record; and said findings so supported by substantial evidence in the light of the entire record being within the express provisions of section 103.31, Div. (c), subpara. 1 of Ordinance No. 111348 (Ex. ''E'' of Petition),'' respondent board proceeded within its jurisdiction (Conclusions of Law, par. IV); the board complied with the law in connection with the second hearing (Conclusions of Law, par. III); the board accorded petitioner a fair hearing (Conclusions of Law, par. IV); and Sica is entitled to no relief under the petition for peremptory writ of mandate (Conclusions of Law, par. VI).

Appellant argues that in view of the ''severe

penalty'' imposed upon him by the board and since it is based ''in large part on plainly unsupported findings of misconduct, and upon matters which are not misconduct, at all,'' and inasmuch as ''the trial court has specifically found that many of the adverse findings are unsupported by the evidence'' (A.O.B., p. 7), a reversal of the lower court's judgment is required. But contrary to appellant's contention, no ''penalty'' has been imposed by the board nor is the issue of penalty in any manner involved in these proceedings; and the denial of the permit is based upon neither ''unsupported findings of misconduct'' nor ''matters which are not misconduct, at all'' but upon two unchallenged administrative findings that appellant ''has a bad moral character'' and ''has a bad reputation for truth, honesty and integrity'' (Conclusions of Law, par. II), each of which constitutes a valid ground for denial of the permit (§ 103.31(c), Municipal Code). Further, while appellant predicates his argument on the claim that ''many of the adverse findings are unsupported by the evidence,'' the fact is that only one portion of one administrative finding was found to be unsupported, all other adverse findings of the board having been sustained by the lower court as supported by substantial evidence in light of the whole record.

In the proper exercise of its police power the board simply denied appellant's application for a permit (*Daniel* v. *Board of Police Comrs.*, 190 Cal.App.2d 566 [12 Cal.Rptr. 226]); it at no time imposed upon appellant penalty, punishment or discipline of any kind. The proceeding before the board, instituted by appellant himself, was solely for the issuance of a permit, of which there could be only one of two possible dispositions—a denial or a grant thereof. ''. . . there is a clear distinction between proceedings involving the revocation of an existing license and proceedings involving a denial of an application for a license . . .'' (*Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 259, 264 [341 P.2d 291]; *McDonough* v. *Goodcell*, 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205]); one, that no penalty is involved in the determination of a new application for a license—the permit is either granted or denied. On the other hand, in disciplinary matters instituted, not by but against the licensee, penalty or punishment for infraction or abuse of a license or permit is clearly involved, indeed is the very essence of the proceeding. ▆▆▆ These matters, unlike the new application for permit, contemplate a preexisting license; thus, if the board

142

deems the charge brought against the licensee to be true, the issue then is whether he should be disciplined and, if so, what kind of penalty should be imposed; this determination is within the sole discretion of the board (*Black* v. *State Personnel Board,* 136 Cal.App.2d 904 [289 P.2d 863] ; *Newman* v. *Civil Service Comrs.,* 140 Cal.App.2d 907 [296 P.2d 41]) and will not be disturbed unless there has been an abuse thereof. (*Magit* v. *Board of Medical Examiners,* 57 Cal.2d 74 [17 Cal.Rptr. 488, 366 P.2d 816] ; *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 287 [341 P.2d 296] ; *Bonham* v. *McConnell,* 45 Cal.2d 304 [288 P.2d 502].)

■ ■ Accordingly, in disciplinary matters, when the superior court while upholding some adverse administrative findings, fails to affirm all of them and since license revocation is ''a drastic penalty,'' the usual procedure is to send the matter back to the board for its reconsideration of penalty— on the theory that the court has no means of knowing whether the board would have imposed so severe a penalty had it considered only those findings sustained by the court. (*Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 252 [217 P.2d 630, 18 A.L.R.2d 593] ; *Bonham* v. *McConnell,* 45 Cal.2d 304 [288 P.2d 502] ; *Nelson* v. *Department of Corrections,* 110 Cal.App.2d 331 [242 P.2d 906] ; *Garfield* v. *Board of Medical Examiners,* 99 Cal.App.2d 219 [221 P.2d 705] ; *Sobo* v. *Board of Police Comrs.,* 145 Cal.App.2d 783 [303 P.2d 104] ; *King* v. *Board of Medical Examiners,* 65 Cal.App.2d 644 [151 P.2d 282] : *Fuller* v. *Board of Medical Examiners,* 14 Cal.App.2d 734 [59 P.2d 171].) However, it is well settled that there are some instances in which no remand will be made to the board for its reconsideration of penalty though the superior court failed to uphold some of the board's findings ; these involve situations in which those findings sustained by the court are such that there can be no ''real doubt'' that returned for reconsideration the board would impose the same penalty as before. (*Strode* v. *Board of Medical Examiners,* 195 Cal.App.2d 291 [15 Cal.Rptr. 879] ; *Steele* v. *Los Angeles County Civil Service Com.,* 166 Cal.App.2d 129 [333 P.2d 171] ; *Mast* v. *State Board of Optometry,* 139 Cal.App.2d 78 [293 P.2d 148].)

Appellant argues that ''the Board cannot be sustained where it purports to base its disciplinary action upon each of a number of grounds, and some of these grounds are unsupported or irrelevant to the discipline'' (A.O.B., p. 13), citing *Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242

[217 P.2d 630, 18 A.L.R.2d 593], and other cases hereinabove discussed. Of course, this is not, as urged by appellant, a "disciplinary action," but even were we to consider Sica's new application for permit in the light of such a proceeding there is before us no reason either to reverse the within judgment or to reverse it with directions to return the case to respondent board for reconsideration. (*Strode* v. *Board of Medical Examiners,* 195 Cal.App.2d 291 [15 Cal.Rptr. 879]; *Steele* v. *Los Angeles County Civil Service Com.,* 166 Cal. App.2d 129 [333 P.2d 171]; *Mast* v. *State Board of Optometry,* 139 Cal.App.2d 78 [293 P.2d 148].) ■ Neither we nor the board can avoid the conclusion that substantially all of the board's findings were sustained by the lower court as supported by substantial evidence, two of which constitute clearly defined, separate and distinct grounds for denial of a permit under the Municipal Code. We are at a loss to know what other decision the board, upon reconsideration, could properly reach. ■ Whereas in disciplinary matters, in which there is a preexisting license, the licensee is subject to varying degrees of penalty—revocation, suspension, probation, reprimand, et cetera, depending upon his past performance, mitigating circumstances and the seriousness of the infraction or abuse—any one of which the board upon reconsideration could in its discretion impose, a new application for a permit subjects the applicant to only one of two administrative actions which allow for no intermediate degrees—either he is granted the permit or it is denied him. ■ Thus, to order the return of the within matter for reconsideration to respondent board, which after a full and fair hearing has already denied Sica's application on substantially the same findings, would constitute an outright direction to the board to reverse its position and grant the permit, which we could not in good conscience do in consideration of the established grounds for denial of the permit under section 103.31(c). Further, assuming the board would comply with its duty under the law (*Pratt* v. *Los Angeles County Civ. Service Com.,* 108 Cal.App.2d 114 [238 P.2d 3]), were the case returned to it for reconsideration it is inconceivable that the board would change its decision and grant the application in light of the two findings relative to Sica's character and reputation and the board's knowledge of his arrest record, associations and employment of persons with arrest records.

We do not here have a situation in which the board's find-

ings are in the main erroneous or unsupported by the evidence; all findings of respondent board (par. IV, A, 1 through 5), with the exception of a portion of the first, have been found by the lower court to be supported by substantial evidence in the light of the whole record. And while the lower court may have disagreed with certain of the board's conclusions, substantially all of its findings stand unimpeached. Appellant has not seriously contended otherwise, at least he has offered no argument to that effect and cited no portions of the record in support thereof. The board's finding that appellant has "a bad moral character" and has a "bad reputation for truth, honesty and integrity" (par. IV, A, 1), was specifically upheld by the lower court as two separate and distinct findings (Findings of Fact, par. II.7(a),(b)), and based thereon, it concluded that under the express provisions of the municipal code each constitutes a sufficient ground for denial of the permit. With this conclusion we agree.

While section 103.29, (1), Municipal Code, provides that the board may deny a permit if it finds the operation thereunder will not comport with the peace, health, safety, convenience and good morals and general welfare of the public, and the lower court disagreed with the board's conclusion in that connection thereby eliminating one ground for denial, another section of the code, 103.21, (c), in the same division (6), specifically provides that the board may deny a permit upon any *one* of the following grounds: "1. [T]he applicant is unfit to be trusted with the privileges granted by such permit, *or* has a bad moral character, intemperate habits, *or* a bad reputation for truth, honesty *or* integrity." (Emphasis added.) Thus, the board's findings (sustained by the lower court as supported by substantial evidence) that appellant "has a bad moral character" *and* "a bad reputation for truth, honesty and integrity," each considered separately, constitute two sufficient and proper grounds for refusing Sica a permit.

Although the remaining administrative findings—that appellant has an arrest record (nine arrests resulting in three convictions, two on gambling charges and one for disturbing the peace) (par. IV, A, 2), that he is associated with persons having arrest records, some of whom have been named "hoodlums and racketeers" by a State Assembly committee (par. IV, A, 3), and that he has employed persons having arrest records, in several instances known to him (par. IV, A, 4)—may have some bearing on Sica's character and reputation generally, they are at most surplusage, certainly unnecessary

to support either the decision of the board or judgment of the lower court; and for the purpose of this appeal they need not be further discussed. (*Goldsmith* v. *California State Board of Pharmacy,* 191 Cal.App.2d 866 [13 Cal.Rptr. 139]; *Strode* v. *Board of Medical Examiners,* 195 Cal.App.2d 291 [15 Cal.Rptr. 879].) It should be noted that the lower court, in concluding the permit had been properly denied, relied exclusively on the two findings relative to Sica's character and reputation, and constituting proper grounds for denial of Sica's application, they alone are sufficient to support the board's decision.

It is true, as pointed out by appellant, that the lower court made certain favorable findings of fact predicated upon his pleading filed therein—that, denied the permit, Sica's business will be substantially adversely affected resulting in economic loss to him (Findings of Fact, par. II.4; par. II.10), and that he holds an alcoholic beverage license under which he has operated without incident (Findings of Fact, par. II.6). However, while perhaps required under certain allegations contained in the pleadings filed by Sica in the lower court (first amended petition for writ of mandate, pars. VIII, XII, XIV (c)), these findings do not appear to be material either to the real issues before the lower court—whether the board abused its discretion in denying the permit, acted in excess of its jurisdiction, proceeded contrary to law and failed to accord Sica a fair hearing; or to the issue before this court— whether the lower court erred in denying the writ. Inasmuch as the findings in question resulted from the pleadings, the board did not have them, as such, before it in making its determination. And under the within mandamus proceeding, the lower court did not undertake to exercise its independent judgment on the evidence or retry the cause (Findings of Fact, par. II.8(ii), but restricted its inquiry to a determination of abuse of discretion—whether the board's findings were supported by substantial evidence in the light of the whole record (Findings of Fact, par. II.8(i)); and having upheld, among others, two administrative findings which unquestionably justify the board's denial of the permit under section 103.31(c), and having concluded that the board acted within its jurisdiction, complied with the law and accorded a fair hearing, the lower court could do little else than uphold the board's decision even though the former made certain independent findings favorable to appellant on his pleadings. And while the lower court disagreed with some of the board's

conclusions, which would have constituted but additional grounds for denial of the permit under sections 103.29 and 103.31(c), and did find under paragraph IV(f) of his amended petition for writ of mandate that appellant cannot legally deny those with arrest records entry to his premises and they have a right to remain in his establishment as long as they abide by the law, under the rules regulating judicial inquiry into administrative orders or decisions (Code Civ. Proc., § 1094.5), it properly refused relief.

Appellant submits that while the lower court found that persons of questionable reputation and arrest records have visited his place of business (Findings of Fact, par. III.4(a) (5)), it also found "that petitioner could not have denied to said persons, they comporting themselves while therein in accordance with law, the accommodations of his said place of business open to the public" (Findings of Fact, par. III.4 (a)(5)); and that "permitting his place to be freely patronized cannot be a reason for denying a license to petitioner" (A.O.B., p. 11), citing *Orloff* v. *Los Angeles Turf Club, Inc.,* 36 Cal.2d 734 [227 P.2d 449]; *Stoumen* v. *Reilly,* 37 Cal.2d 713 [234 P.2d 969]; *Swegle* v. *State Board of Equalization,* 125 Cal.App.2d 432 [270 P.2d 518]. Conceding this to be the law, we do not find it applicable here for it is clear from the record before us that "permitting his place to be freely patronized" was only one of many reasons cited by the board for its action in denying Sica a permit, and was neither set up as a specific ground for denial nor alone relied upon in denying the application. Moreover, neither did the lower court consider this or rely upon it as a ground for denial of the permit, it having specified the findings relative to character and reputation as the exclusive grounds for denying Sica relief, either one of which alone constitutes sufficient ground to justify denial of the application.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.