James PETERSON, d.b.a. Rising Sun Health Club, petitioner, Appellant,

v.

MINNEAPOLIS CITY COUNCIL and City of Minneapolis, Respondents.

No. 48657.

Supreme Court of Minnesota.

Jan. 12, 1979.

Fred A. Reiter, Minneapolis, for appellant.

Robert J. Alfton, City Atty., Les R. Karjala, Asst. City Atty., Minneapolis, for respondents.

Considered and decided by the court without oral argument.

SCOTT, Justice.

This is an appeal by James Peterson from an order of the Hennepin County District Court denying a writ of certiorari and upholding the denial by the Minneapolis City Council of his application for renewal of a license to operate a massage parlor at 1909 Central Avenue Northeast. Although appellant urges several grounds for reversal, we find them without merit and affirm the district court.

Appellant was granted a license to operate the massage parlor, under the name of Rising Sun Health Club, in July 1975 and again in 1976,[1] but action on his application in January 1977 was delayed for several months because the license division of the Minneapolis Police Department was investigating the operation of the business to determine whether the license should be denied pursuant to Minneapolis Code of Ordinances, § 305.70(d), which permits denial of an application "[i]f the applicant, or an employee thereof, has been convicted within the previous three (3) years of a violation of * * * any law prohibiting prostitution, pandering, or keeping a disorderly house * * *." Ultimately, notice of a hearing to be held October 12, 1977, before the consumer services committee of the council was mailed to appellant but not received by him until October 11. The notice stated among reasons for potential denial of his application the conviction of an employee at 1909 Central Avenue Northeast for operating a disorderly house on January 24, 1977; the arrest of another for prostitution on March 1, 1977; and the arrest and conviction between February 1976 and July 1977 of several employees of another massage parlor, allegedly owned and operated by appellant at 910 West Broadway, on similar charges. After a hearing on November 2 which appellant did not attend, the consumer services committee recommended denial of his application for a license to operate the Central Avenue establishment. On November 11 the council, after considering the committee's report, denied the license application.

Appellant then petitioned the district court for a writ of certiorari, challenging the denial in part on the ground he had not received adequate notice of the hearing before the committee. He also filed with the court an affidavit dated November 21, 1977, in which he swore that he did not own the massage parlor at 910 West Broadway; a copy of a bill of sale of that business to Jerry Larson dated January 2, 1976; and an affidavit by Larson averring that he had purchased the business on that date. The court issued a temporary restraining order and on November 23, 1977, ordered that the city accord appellant a "full due process hearing" on December 14.

The committee held the hearing on that date and on December 28, with appellant and his counsel present and participating. Appellant claimed that he did not own or operate the massage parlor at 910 West Broadway at the times of the arrests and convictions of persons working there. The city attorney introduced copies of the affidavit described above and of an affidavit executed by appellant in November 1976 in another district court action. In the latter affidavit appellant had sworn that he was the owner and operator of the West Broadway massage parlor.

The city also introduced into evidence proof that appellant had been convicted of attempted theft by trick pursuant to his plea of guilty in January 1977 and had been placed on 5 years' probation, and police reports (so-called "kick sheets") recording details of the arrests of employees at both 910 West Broadway and 1909 Central Avenue Northeast and the charges made against them, to which reports were attached certified copies of computer printouts showing the disposition of the cases. Appellant introduced no evidence relating to these matters.

The committee found that appellant had been convicted of attempted theft as de-

---

1. Minneapolis Code of Ordinances, § 305.40, provides that licenses expire on February 1 of each year.

scribed; that he owned and operated both massage parlors; that in 1976 and 1977 several employees at the West Broadway establishment were arrested and convicted on charges of prostitution or participating in a disorderly house; that one of such employees told the arresting officer that appellant advised her as to the amount of money she should charge for sexual services; that one employee at the Central Avenue massage parlor was arrested and convicted in 1977 on a charge of operating a disorderly house; and that another employee at that establishment was arrested in 1977 and charged with prostitution, but upon her plea of not guilty the case was continued for dismissal in 6 months if no similar charge was brought against her in that time.

The committee recommended denial of the license application after concluding:

"That employees of the applicant have been convicted of prostitution and other criminal acts under such circumstances that he knew of or should have known that the employee was engaging in such acts on the premises. That such convictions are directly related to the operation of a massage parlor.

"That the applicant's felony conviction is directly related to the operation of a commercial business; that applicant has not shown evidence of rehabilitation."

On December 30, 1977, the council adopted the committee's report unanimously and denied the license application. Appellant sought a temporary restraining order from the district court, which was granted January 5, 1978, and petitioned for a writ of certiorari. Following a hearing thereon, the court denied the petition and quashed the restraining order, holding that the council's action was a proper exercise of the discretion vested in that body.

In this court appellant contends that the trial court should have made findings of fact. He did not present this alleged error to that court, so we are not required to address it. *State v. Kremer*, 307 Minn. 309, 239 N.W.2d 476 (1976). In any event the trial court's memorandum, made a part of its order, demonstrates that appellant was not prejudiced by the absence of formal findings. Appellant's further argument that the trial court should have held the committee's findings insufficient because they were based in part on the arrest reports is also without merit. Such reports are admissible in administrative proceedings relating to licenses. *Sabes v. City of Minneapolis*, 265 Minn. 166, 120 N.W.2d 871 (1963).

Appellant's major contention is that the city's denial of the license contravened Minn.St. c. 364, which, in § 364.01, declares it to be the policy of the state "to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the resumption of the responsibilities of citizenship" and states that the opportunity to "engage in a meaningful and profitable trade, occupation, profession or business is essential" to those goals. Appellant's claims that the city violated the statute start with § 364.03, which provides in part:

"Subdivision 1. Notwithstanding any other provision of law to the contrary, no person shall be disqualified from public employment, nor shall a person be disqualified from pursuing, practicing, or engaging in any occupation for which a license is required solely or in part because of a prior conviction of a crime or crimes, unless the crime or crimes for which convicted directly relate to the position of employment sought or the occupation for which the license is sought.

"Subd. 2. In determining if a conviction directly relates to the position of public employment sought or the occupation for which the license is sought, the hiring or licensing authority shall consider:

"(a) The nature and seriousness of the crime or crimes for which the individual was convicted;

"(b) The relationship of the crime or crimes to the purposes of regulating the position of public employment sought or the occupation for which the license is sought;

"(c) The relationship of the crime or crimes to the ability, capacity, and fitness required to perform the duties and discharge the responsibilities of the position of employment or occupation."

Appellant's main argument is that his conviction of attempted theft by trick "has nothing whatsoever to do with the ownership and operation of a massage parlor." He ignores the criteria set forth in subd. 2 of § 364.03 for testing whether the crime of which an applicant was convicted is directly related to the occupation for which the license is sought. The committee and council could well have determined pursuant to § 364.03, subd. 2(b), that a significant relationship existed between the crime of attempted theft by trick, which involves deception and dishonesty, and the reasons for regulating the operation of massage parlors, one of which is to prevent their use for purposes of prostitution. See, *Wes Ward Enterprises, Ltd. v. Andrews*, 42 Ill.App.3d 458, 355 N.E.2d 131 (1976). Similarly, the committee and the council could have determined under § 364.03, subd. 2(c), that the crime of which appellant had been convicted was related to his "fitness" to engage in an occupation in which it has been recognized that "abuses of morality and violations of law may readily exist, unless the operators are of good character." *Hora v. City and County of San Francisco*, 233 Cal. App.2d 375, 379, 43 Cal.Rptr. 527, 530 (1965). We are satisfied that the committee and council could properly conclude that appellant's conviction was directly related to the occupation for which he sought a license.

Minn.St. 364.03, subd. 3, provides, however, that a person who has been convicted of a crime directly related to the occupation for which he is seeking a license shall not be disqualified from the occupation if he "can show competent evidence of sufficient rehabilitation and present fitness to perform the duties of the * * * occupation." The same provision also directs the licensing authority to consider "[t]he length of time elapsed since the crime or crimes were committed." Because the crime of which he was convicted in 1977 had occurred in 1973, appellant claims that the committee and council ignored this directive in determining that he was not rehabilitated. But the time elapsed since the applicant had committed the crime is only one factor to be considered. In view of the evidence as a whole and appellant's contradictory sworn statements, the committee and council were clearly not compelled to find that he had proved his rehabilitation and present fitness for operating the massage parlor.

■ Appellant admits that the city notified him, as required by § 364.05(1) of the grounds for the denial of his license application. His claims that the city did not comply with the other provisions of § 364.05 and with § 364.06 have no bearing on the propriety of its action in denying his license application. It may be noted, however, that the city's noncompliance with those provisions did not prejudice appellant and that the city can still comply with § 364.05(3, 4). We conclude that Minn.St. c. 364 did not require the city to grant appellant's application.

■ Appellant's final claim, that the evidence was insufficient to justify the denial of his license application, is without merit. We agree with the trial court's determination that the findings and conclusions on which the denial rests have adequate support, that appellant was accorded due process in the proceedings, and that the denial was a proper and reasonable exercise of the discretion vested in the council.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.